THE STATE v. KNOUSE.

1. **Criminal law: FAILURE TO FILE PROCEDENDO.** Where a judgment of conviction in a criminal prosecution is, on appeal to the supreme court, reversed, and the cause remanded for re-trial, it cannot be successfully urged by the defendant that a conviction on the second trial is illegal, on the ground that, at the time thereof, no opinion, order or procedendo of the supreme court had been transmitted therefrom to the court below, wherein defendant was tried.

2. —— **TWICE IN JEOPARDY.** When a judgment of conviction is reversed on appeal, because of erroneous proceedings in the court below, legal jeopardy will not be deemed to have attached.

*Appeal from Ringgold District Court.*

FRIDAY, FEBRUARY 23.

DEFENDANT was indicted for murder, convicted of murder in the second degree, and sentenced to the penitentiary for life. Upon appeal to this court this judgment, at the June term, 1870, was reversed, for the reason that, while defendant was put upon trial for murder in the first degree, the indictment charged the crime of murder in the second degree only. The defendant, after remaining in the penitentiary about four months, was released on bail.

At the September term, 1870, of said court, the defendant was again put on trial for murder in the second degree.

At this time no opinion of the supreme court, order or *procedendo* had been transmitted from said court to the district court. Upon this second trial the defendant was found guilty of manslaughter.

The defendant thereupon moved in arrest of judgment upon the following grounds: "First. For the reason that upon the whole record no legal judgment can be rendered, because, as appears from the record of this court in the above-entitled case, at the last March term thereof, said defendant was tried, convicted, judgment was rendered against him on said conviction, and said judgment was carried into execution, and that there is not on file in this court any order or judgment of the supreme court reversing the judgment of this court, or ordering a new trial, and that said judgment remains unreversed upon the records of this court."

"Second. That the defendant, having been once convicted of murder in the second degree, on an indictment sufficiently charging that grade of offense, could not again be put on trial for that offense, but could be tried only for a degree lower, and necessarily embraced within it."

The motion was overruled, and defendant was sentenced to five years' confinement in the penitentiary.

Defendant appeals.

*Laughlin & McCoan* and *Cloud & Broomhall* for the appellant.

*Henry O'Connor*, attorney-general, for the State.

DAY, J.— I. It is claimed that the proceedings in the court below were *coram non judice*, and are void; that, in the absence of a *procedendo* from the supreme court, the district court was without jurisdiction in the premises, and that by submitting to trial, without objection, the defendant could not

1. CRIMINAL LAW: failure to file procedendo.

confer jurisdiction. The claim of the defendant, in our opinion, is without legal support. The former judgment was, in fact, reversed, as this record disclosed, at the June term, 1870, of the supreme court. The defendant was placed upon trial at the September term, 1870, of the district court. Without interposing any objection, or suggesting any defect in the record, he submitted the cause to the court for adjudication. If the trial had resulted in an acquittal, would any one contend that he could not plead the judgment in bar of another trial for the same offense? Yet, if appellant's position be correct, he could not so plead it, for legal jeopardy could not arise from being placed upon trial in a court having no jurisdiction in the premises. It is conceded that consent cannot confer jurisdiction. But this doctrine is applicable only to jurisdiction over the subject-matter. Nothing is of more frequent occurrence than for consent to confer jurisdiction over the parties. The defendant has had all the benefits of the judgment reversing the former trial, and has secured a re-trial in the court in which the charge against him was properly pending.

He cannot now be heard to question the determination of that court for the cause here alleged.

II. It is claimed that the former conviction for murder in the second degree having been reversed, the defendant 2. —— twice in cannot again be put upon trial for that jeopardy. offense. Upon this point, there is not an entire uniformity of decision, but it is believed that the current of authority is opposed to appellant's view. It has been the uniform practice in this State, sanctioned by section 4925 of the Revision, upon the reversal of a judgment of conviction, to remand the cause for a new trial, and we are not aware that the right to do so has ever been seriously questioned. Jeopardy is not considered as having attached if the defendant is erroneously convicted and obtains a reversal of the judgment. See authorities cited in *State* v. *Redman*, 17 Iowa, 329.

In *State* v. *Tweedy*, 11 id. 350, it is said to be settled upon authority that if one convicted obtains a new trial, he may be again tried for the offense of which he was convicted. See also *Sutcliffe* v. *The State*, 18 Ohio, 469–478; *People* v. *Olewell*, 28 Cal. 456.

We discover no error in the action of the district court.

Affirmed.