### FENTON v. WAY ET AL.

1. **Practice:** PETITION FOR REHEARING: DECREE. Upon the filing of a copy of an opinion of the Supreme Court and procedendo in the court below, the latter may properly enter a decree in accordance with the opinion, notwithstanding notice be given of an intention to file a petition for a rehearing.

2. ———: RECORDS: CANCELLATION OF DEEDS. Where a deed and subsequent conveyances are set aside, it is not erroneous for the decree to provide that the deeds be marked upon the records of deeds of the county as canceled by order of the court.

### *Appeal from Hardin District Court.*

#### FRIDAY, OCTOBER 20.

THIS cause was before us on a former occasion, on the appeal of plaintiff from a decree dismissing his petition. The cause was then reversed, and it was ordered that, if plaintiff so elect, a decree in conformity with the opinion be entered in this court, or that the cause be remanded to the court below for the entering of such decree. See 40 Iowa, page 196.

On the 23d day of April, 1875, plaintiff filed in the Hardin District Court a copy of the opinion and procedendo, and moved the court for a decree in obedience to the opinion of the Supreme Court.

The attorneys for the defendant objected to the entering of the decree for the reasons that the opinion and procedendo were not filed in this court until the 11th day of the term, one day before the time of adjournment; the opinion was not announced until the 18th day of March, 1875, and defendant has until the 18th day of May, 1875, in which to file his petition for rehearing; the issues in this case have never been tried by a court of competent jurisdiction; that the principal attorney of defendant had no notice of the opinion of the Supreme Court being in possession of counsel of plaintiff or the clerk, until the same was filed in court, and has not had time to examine the records in the cause, and that defendant will, at the earliest practicable time, cause to be filed in the

Supreme Court a petition for rehearing. The court disregarded these objections and decreed that plaintiff is the owner of the land in question, and entitled to the immediate possession thereof, that the tax deed executed by the treasurer of Hardin county to Aaron Porter, the quit claim deed from Aaron Porter to John Porter, the deed from John Porter to L. E. Campbell, and the deed from L. E. Campbell to the defendant, Way, be all decreed null and void, and to convey no title to the land in controversy, and that the clerk of the court be directed to enter on the margin of the record of each of these deeds, "canceled by decree of the Supreme Court of Iowa, and District Court of Hardin county, Iowa, April, 1875." On the 14th day of May, 1875, defendant filed his petition for a rehearing of said cause, and by order of the Hon. C. C. Cole, J., all proceeding was ordered suspended, and the procedendo was ordered returned from the Hardin District Court. Our records show that this petition for rehearing was afterward overruled.

The defendants now appeal from the rendition of the decree at the April term, 1875.

*Porter & Moir,* for appellants.

*Eastman, Huff & Reed,* for appellees.

Day, J.—I. The court did not err in proceeding to enter a decree pursuant to the direction of this court, in accordance

1. PRACTICE: petition for rehearing: decree.

with the opinion. The objections interposed by defendants are without merit. The court could not be expected to withhold action upon the suggestion that defendant intended to petition for a rehearing. Upon the filing of such petition and order from a judge of this court, the procedendo would be recalled. That not having been done when the plaintiff moved for a decree, it was the duty of the court below to proceed pursuant to the order contained in the procedendo.

II. Appellants complain of the order in the decree directing the clerk of the court to enter on the margin of the

records of the deeds that they are canceled by order of the court. There can be no objection to this part of the decree. The tax deed was set aside, and all the others based upon it became inoperative as muniments of title. It is a mere matter of convenience that there should be a marginal note on the record referring to the fact that the deeds had been canceled by order of court. This merely facilitates the examination of the condition of the title. There is no error in the record.

<div style="margin-left:2em; font-size:small">2. ——: records: cancellation of deeds.</div>

<div align="right">AFFIRMED.</div>