Becker v. Becker.

AFFIRMED.

|50 139|
|136 36|

## BECKER v. BECKER ET AL.

1. **Jurisdiction**: APPEAL: RE-DOCKETING. It is not necessary that a *procedendo* should issue to give the court below jurisdiction, but if the case is re-docketed upon service of proper notice the case will stand for re-trial.

2. **Replevin**: PRACTICE. In a replevin suit, where the plaintiff has obtained possession of the property, the court is justified in exacting prompt obedience to its orders made for the purpose of obtaining a speedy trial.

*Appeal from Howard District Court.*

WEDNESDAY, DECEMBER 11.

ACTION to replevy a team of horses. There have been two trials in the court below. In the first the plaintiff was successful. Upon appeal the case was reversed. 45 Iowa, 239. The opinion was filed October Term, 1876. During the pendency of the appeal the court-house in Howard county was burned, and the original papers destroyed, including the replevin bond. On the 7th day of March, 1877, the plaintiff served upon the defendants a notice that the case would be brought on for trial at the next term of the Circuit Court (the court from which the case had been appealed), commencing on the 19th day of that month. This notice was the next day filed with the clerk.

On the 8th day of April, 1877, the Circuit Court, by consent of parties, ordered the case to be transferred to the District Court. On the 23d of April, 1877, the District Court made an order granting the plaintiff leave to file substituted

papers, but ordered that a sufficient bond, with sureties, should be filed as a condition of substitution, and ordered that they be filed within thirty days. On the 29th day of October, 1877, being the first day of the October Term of the District Court, no substituted papers having been filed, the defendants moved for judgment. On the following day the plaintiff filed a substituted petition and bond. Afterward the defendants moved to strike from the files the substituted petition and bond, which motion was sustained. The defendants then renewed their motion for judgment, which was sustained. The court then proceeded to hear testimony and found the value of the property to be two hundred and fifty dollars, and rendered judgment against the plaintiff and her surety on the original replevin bond for two hundred and fifty dollars and costs. The plaintiff and surety appeal.

*H. C. McCarty*, for appellant.

*H. T. Reed*, for appellee.

Adams, J.—I. The record does not show that any *proce-*

1. JURISDIC-
TION: appeal:
re-docketing.

*dendo* issued from the Supreme Court. The appellant claims, therefore, that it does not appear that the court below acquired jurisdiction. In our opinion it was not necessary that a *procedendo* should issue to give the court below jurisdiction. *The State v. Knouse*, 33 Iowa, 365. The *procedendo* is mere evidence upon which the court below would have been justified in acting; but where a case is reversed, and the parties cause it to be re-docketed in the court below, the court may proceed. In a certain sense the court below retains jurisdiction so long as anything remains to be done by it. Even while the case is pending in the Supreme Court the jurisdiction of the court below is not entirely divested. It may order a lost record to be substituted, and do whatever else is proper to be done to enable the Supreme Court to review its alleged errors. *Steiner v. Steiner,*

Becker v. Becker.

49 Iowa, 70. When a case is reversed which is retriable in the court below, and the sixty days have expired within which a petition for a rehearing may be filed, the case may be regarded as pending in the court below for retrial, and upon the court being satisfied of the reversal by *procedendo* or admission of parties, or otherwise, it may be brought on for trial under such rules as the court may prescribe.

In the case at bar it does not appear how it came to be re-docketed, but being re-docketed, the plaintiff, the unsuccessful party in the Supreme Court, caused a notice to be served under the rules of the court that the case would be brought on for trial. We think that there was not only no lack of jurisdiction, but no irregularity in the court's proceeding, of which the plaintiff can now properly complain.

II. It is insisted that the court erred in striking the plaintiff's substituted petition from the files. But we think the point is not well taken. The plaintiff had obtained possession of the property. It was her duty to be diligent in securing a judgment for possession if she was entitled to it. In a replevin suit, where the plaintiff has obtained possession of the property, the court is justified in requiring prompt obedience to its orders, made for the purpose of securing a speedy trial. The substituted petition should have been filed in this case by the 23d of May, 1877. It was not filed on the 29th day of October. On that day the defendants moved for judgment. We think that the plaintiff's long delay in complying with the order of court was equivalent to an abandonment of the case.

III. The court rendered judgment against one Seeley as surety upon the replevin bond. It appears that Seeley signed the substituted replevin bond which was stricken from the files. He was not, we think, liable upon that bond. The defendants claim in argument that he was surety upon the original bond. The record does not show such fact, nor what

*2. REPLEVIN: practice.*

evidence the court acted upon in rendering the judgment, but the abstract does not purport to contain the evidence, and error is not to be presumed.

AFFIRMED.