## PALMER & SEAWRIGHT v. WOODS *et al.*

**Sureties:** ON COUNTY CLERK'S BOND FOR SECOND TERM: DISCHARGE: MISREPRESENTATION OF SUPERVISORS. While it is the duty of the board of supervisors, under section 690 of the Code, to require an officer who has been re-elected to produce and account for all public funds which have come into his hands under color of his office, before approving his bond for a second term, yet a failure to perform such duty, and a false pretense by the board that it has been performed, will not discharge the sureties on the bond for the second term, after it has been accepted and approved, from liability for a defalcation occurring during that term.

*Appeal from Ida District Court.*—HON. J. H. MACOMBER, Judge.

FILED, OCTOBER 8, 1888.

ACTION on an official bond. Defendant Woods was elected clerk of the district court for the term commencing the first Monday of January, 1887. The other defendants are the sureties on the bond, and they alone defend in the action. One of the conditions of the bond is that the principal would pay over to the officer or person entitled to receive the same all moneys which should come into his hands by virtue of his office. The breach alleged is the failure to pay over certain money which was paid to him in redemption of real estate, which had been sold on execution issued from his office. The case was decided on demurrer to the answer. It is alleged in the answer that Woods held the office for the term preceding that for which the bond was given ; that during such preceding term, and at the end thereof, he was a defaulter ; that large amounts of money, including certain public funds, had come into his hands by virtue of his office, for which he did not account ; that he gave a bond for the preceding term on which two members of the board of supervisors were surety ; that the board did not require him to account for the public moneys he had received during the term, but with knowledge that he was a defaulter, they accepted and approved the bond in suit, and permitted him to enter upon another term of office ; that, while pretending to have made a settlement with him, and that he had accounted for the public moneys received by him, they did not in fact make such settlement, nor was there any accounting ; that such pretense was false, and a fraud upon the sureties, who relied thereon when they signed the bond and had no knowledge of the falsity of said representations. When the district court sustained the demurrer to the answer, defendants refused to plead further, and judgment was entered against them for the amount claimed, and they appeal.

*C. W. Rollins* and *Jay D. Miller*, for appellants.

*Elwood & Zane*, for appellee.

REED, J.—It was the duty of the board of supervisors to require Woods to produce and account for all public funds which had come into his hands under color of his office before approving his bond for the second term. Code, sec. 690. But neither the failure to perform that duty, nor the false representation that it had been performed, will release the sureties from liability for a defalcation occurring subsequent to the approval of the bond. Their undertaking was for the faithful performance by the clerk of the duties of the office during the term upon which he was about to enter. They assumed no liability as to his previous acts, nor are they sought to be charged with any such liability. The money for which a recovery was sought came into his hands after their undertaking had been accepted. It has not been claimed that the failure of the board of supervisors to perform the duty required by the statute before approving the bond invalidated the undertaking of the sureties, and it is manifest that such failure could not have that effect. The object of the statute in requiring the accounting by the officer before the approval of his bond for the second term is to prevent the continuance in office of dishonest or incompetent officers. The validity of the undertaking of the bond does not depend upon the performance of that duty. For the bond takes effect from the time of its delivery and approval, and from that time the person is an officer, in fact and in law, whether the duty has been performed or not. But the substance of defendants' complaint is that they were induced to enter into the undertaking and incur the liability by the false representation that the duty had been performed and the accounting had. This, however, amounts to no more than an allegation that they were misled by the representations as to the competency and honesty of the man for whose official conduct they were about to become answerable ; but those were matters as to which the board of supervisors were not bound to give them advice or information. Their duty was to make the settlement, and approve the

bond if they found the sureties sufficient, and that the public funds had been accounted for, and if not, to reject it; and that duty they owed to the county and the public, and not to the individuals who were proposed as sureties. As they owed them no duty in the premises, this understanding could not be affected by any representation, however false or fraudulent it may have been.

AFFIRMED.