### JOHN W. BETTINSON *vs.* ADDISON LOWERY.

### York. Opinion February 13, 1894.

*Replevin. Abatement, Judgment for Return. Bond. Stat. 1821, c. 80, § 4; R. S., 1841, c. 130, § 11; 1857, c. 96, § 11; 1883, c. 96, §§ 10, 11.*

When a replevin suit abates or is nonsuit, a return is always ordered as a matter of course, except when *non cepit* alone is pleaded, and the court has no power to do otherwise. In such case the suit miscarries, and the parties are simply placed in *statu quo*. They are only put in position to enforce their rights anew.

The judgment for return is conclusive, in such cases, nowhere, but in a suit upon the bond, which was given in order to secure a return of the property from whence it was unlawfully taken.

In holding judgments for return conclusive in all cases upon replevin bonds, no injustice results when a distinction is made between judgments on the merits and judgments of abatement or nonsuit.

*Greely* v. *Currier*, 39 Maine, 516, approved.

ON EXCEPTIONS.

This was an action of replevin in which the writ was quashed at the return term.

The presiding justice ordered a return of the property replevied and left the question of damages to be determined on the bond; and in absence of pleadings in the case, ruled as matter of law that the defendant was entitled to the order for return, without the production of testimony.

To this ruling the plaintiff took exceptions.

*M. L. Sanborn*, of Boston bar, for plaintiff.

By R. S., c. 96, § 11, the defendant is entitled to judgment for return only when it appears that the defendant is entitled to a return of the property replevied, and in order to ascertain that fact it is necessary to have a hearing.   The judgment for return is, by the statute and the law of this State, the final judgment in a replevin suit, and involves all the characteristics of a judgment, and is made up as a result of a hearing of the parties upon the production of legal and competent testimony.

It involves an inquiring into and an adjudication upon the the merits of the question at issue, and will be rendered only as law and equity shall require.   It does not, as a matter of course, follow the previous results of the suit.   *Tuck* v. *Moses*, 58 Maine, 474 ; *City of Bath* v. *Miller*, 53 Maine, 315, 316.

Equity requires that the parties shall have a hearing in order to ascertain whether the defendant is then entitled to a judgment for a return.   Cases, *supra.*

The action is not disposed of until the question of return is acted upon, and until final judgment in a case both parties are in court and have a right to be heard.   *Tuck* v. *Moses*, 58 Maine, 474.

Even when the writ is abated for informality in the bond, the judgment for return is conclusive.   In *Tuck* v. *Moses*, the writ was abated for informalities of the bond, and judgment given for a return ; and the ruling of the court was that a judgment for

return was conclusive, and until that judgment both parties were in court, with a right to be heard.

*John M. Goodwin*, for defendant.

Counsel cited : *McArthur* v. *Lane*, 15 Maine, 245 ; *Collins* v. *Evans*, 15 Pick. 63 ; *Greely* v. *Currier*, 39 Maine, 517 ; *Fleet* v. *Lockwood*, 17 Conn. 233 ; *Low* v. *Brigham*, 3 Allen, 429 ; *Collamer* v. *Page*, 35 Vt. 387 ; Cobb on Replevin, § § 1117, and cases in note, 1119, 1199 ; *Morton* v. *Sweetser*, 12. Allen, 134 ; *Walbridge* v. *Shaw*, 7 Cush. 560.

SITTING : PETERS, C. J., WALTON, EMERY, FOSTER, HASKELL, JJ.

HASKELL, J.    Actions of replevin are regulated in this State by statute, and the rules of procedure have been very generally adjudged, so that whatever the methods of procedure may be at common law or elsewhere is of no moment to consider.

I.    Before serving a writ of replevin, the officer must take from the plaintiff a bond to the defendant, with sureties, in a penal sum double the value of the property to be replevied, conditioned to prosecute the suit to final judgment and pay such damages and costs as the defendant may recover, and to return and restore the same property in like good order and condition as when taken, in case such shall be the final judgment in the suit ; and the officer must return the same with the writ to court.    R. S., c. 96, § 10.    When this is done, the officer is protected, and, until it is done, he has no protection from his precept.    The writ thus returned leaves the parties in condition to implead each other as to the property replevied, and the bond, deposited in court, takes the place of the property already delivered to the plaintiff ; so that the court has jurisdiction of the parties and of the *res* ; and the suit is not finally determined until judgment disposes of both.    When judgment is rendered for the plaintiff it so operates ; but when rendered for the defendant, it must determine to whom the property shall be given.    It must order a return of the property to the defendant, or deny it. "The action is not disposed of until the question of return be acted upon."    *Tuck* v. *Moses*, 58 Maine, 474.

The revision of 1841, c. 130, § 11, condensed from the act of 1821, c. 80, § 4, provided : "If it shall appear upon the nonsuit of the plaintiff, or upon a trial or otherwise, that the defendant is entitled to a return of the goods, he shall have judgment therefor accordingly, with damages for the taking thereof," &c.

This statute was condensed in the revisions of 1857, c. 96, § 11, prepared by Chief Justice SHEPLEY, so as to read : "If it appears that the defendant is entitled to a return of the goods, he shall have judgment and a writ of return accordingly, with damages for the taking and costs." That language is retained in the present revision, 1883, c. 96, § 11.

In *Greely* v. *Currier*, 39 Maine, 516 (1855), a writ of replevin was quashed, and on motion for a return, the court refused to hear evidence as to ownership of the property, and ordered a return of it. Upon mature consideration in *Bath* v. *Miller*, 53 Maine, 315 (1865), a bill in equity to restrain officers, who had attached property that had been replevied from them and ordered returned to them on nonsuit of the replevin writ, from prosecuting suits upon the replevin bond, the court said : "In actions of replevin, judgment may be rendered against the maintenance of the suit, and yet the defendant not be entitled to a return of the property. When *non cepit* alone is pleaded, the defendant cannot have judgment for a return, because the taking only is in issue, and not the title to the property. So, if for any cause, the defendant was entitled to the possession of the property when the action was commenced, but his right to possession has expired, or been extinguished, or lost, at the time judgment is rendered, the defendant is not entitled to judgment for a return. Hence, in actions of replevin, when it is determined that the action cannot be maintained, it is always necessary to inquire and determine, and to have a distinct adjudication, whether or not the property shall be returned to the defendant ; and this latter inquiry necessarily involves an inquiry into the title and the right of possession as between the contending parties, of the broadest and most unlimited character. It is a well-established and familiar rule of law, that a return of property replevied will not be ordered 'when in equity it ought not to be

returned, though the defendant has judgment in his favor in the suit.' In determining whether or not there shall be a return, the power of the Court and the extent of inquiry are as unlimited in an action of replevin, as in a suit in equity. A judgment for return, therefore, in an action of replevin, must be regarded as a direct and conclusive adjudication that the defendant's right of possession is superior to the plaintiff's."

Undoubtedly the court was there speaking of causes tried upon the merits, and not of causes disposed of upon irregularities of procedure, as actions abated, or nonsuits for want of prosecution, &c. But again, in *Tuck* .v. *Moses, supra,* (1870,) a suit upon a replevin bond, where the writ had been abated for irregularity and a return had been ordered, the court held the judgment of return conclusive upon the parties as to the title to the property, although *Greely* v. *Currier, supra,* was cited as authority that upon abatement of a writ of replevin, a return must be ordered as a matter of course, and evidence as to the justice of it could not be received, the court remarking that if it could not have been received then, it certainly cannot now. That is, if evidence was incompetent on motion for return to control the judgment for return, it certainly is incompetent to contradict it, for the reason that property illegally taken should be restored, and the court not be compelled to lend its aid to illegal procedure.

In *Buck* v. *Collins,* 69 Maine, 445 (1879), the court holds a judgment for return conclusive between the parties as to the right of possession, although Judge BARROWS remarks : "The difficulty of determining where the doctrine of estoppel by former judgment ought to apply arises from the fact that a return is oftentimes ordered in replevin suits where the question of property was not in issue and has not been determined at all." . . . "We see no objection in permitting the defendants in suits of this nature [on replevin bonds] to show anything in mitigation of damages not necessarily inconsistent with the judgment in the replevin suit which could not have been presented therein as a valid reason for denying the order for return." He doubtless had in mind the decision of *Greely* v. *Currier, supra.*

In *Jones* v. *Smith,* 79 Maine, 452 (1887), in a suit upon a

replevin bond where the writ had not been entered in court, the plaintiff in replevin, defendant in the suit, was allowed to prove his title to the property replevied. But, there had been no judgment for a return.

The question squarely comes, shall the doctrine of *Greely* v. *Currier*, that the abatement of a replevin suit requires a judgment for return, regardless of the merits, be modified to meet the doctrine of *Bath* v. *Miller*, 53 Maine, 315, that applies to replevin tried upon the merits.

As an original question, decided on principle, it would seem that wherever a suit was abated for informality, or a nonsuit was ordered, except on plea of *non cepit* alone, a return should be ordered as matter of course, inasmuch as property illegally taken under color of process should be restored to the possession from whence it was taken, and that if the plaintiff refuse to return he should be held estopped by the judgment for return in a suit upon the replevin bond, because that is merely security for compliance with the order of return ; but it would not follow that such judgment would bar another suit for the same property, inasmuch as the judgment only went to the determination of the suit, and to compel the restoration of the *res.* It would be no judgment between the parties as to their ultimate rights in the property, any more than such judgment would be in any other action. A judgment that a writ abate or that the plaintiff be nonsuit is no bar to another action upon the same claim. *Pendergrass* v. *York Manf. Co.* 76 Maine, 509. And we think this doctrine is settled by the authorities in our own State. It is so held in *Greely* v. *Currier, supra,* 39 Maine, 516. In *Bath* v. *Miller, supra,* 53 Maine, 508, a bill in equity to restrain attaching officers, to whom a return had been ordered in a replevin suit against them that had been nonsuit, from prosecuting suits on the replevin bonds, the bill was dismissed because the judgment for return was held to be conclusive as a basis for suit upon the bonds ; certainly, the bonds secured the fulfillment of the order for return, and the property having been wrongfully taken, that is, illegally taken under color of process, should be restored. *Non constat,* that the return executed settled their title to the property. The same doctrine was held in *Tuck* v. *Moses,*

*supra*, 58 Maine, 474. That, in suit upon the replevin bond, where the judgment for return, in an action of replevin that had been abated, the judgment was conclusive to compel a return or the value.

In *Buck* v. *Collins, supra*, 69 Maine, 445, the judgment for return was held conclusive, but the doctrine of Judge BARROWS indicates that he would favor, in cases of abatement or nonsuit, where the replevin bond is sued, allowing the parties to try their title to the property in mitigation of damages. That is, where a plaintiff illegally took property on color of process that he was required to return and had covenanted so to do, he would excuse him in reduction of damages if he could show title to the same. In other words, he would incorporate into suits upon a replevin bond the issues triable in the main case. Such doctrine has never been authorized in this State, and cannot be sustained upon principle.

In *Jones* v. *Smith, supra*, 79 Maine, 452, there had been no judgment of any kind in the replevin suit. It had not been entered in court. Any defense to a suit upon the replevin bond was applicable that could be allowed at common law.

In holding judgments for return conclusive in all cases upon replevin bonds, no injustice results, when a distinction is made between judgments on the merits and judgments of abatement or nonsuit. In the former they are conclusive between the parties everywhere. In the latter they are conclusive nowhere, except in suits upon the replevin bonds. These suits miscarry and the parties are simply placed in *statu quo*. They are only put in position to enforce their rights anew.

The result is, that in all cases of abatement or nonsuit in replevin except where *non cepit* alone is pleaded, the order for return goes as a matter of course, and becomes a part of the judgment to be formulated by the clerk without further order. In other cases of replevin, those tried upon the merits, such order for return may be made as the court considers just.

In this case the writ was abated. The property should be restored. Judgment for return went as a matter of course. The defendant lost nothing from his absence.

*Exceptions overruled.*