Peterson and Frost v. W. H. Kissell and Ed Canning, Sheriff of Pottawattamie County, Appellants.

**Pleadings:** AMENDMENT: FAILURE TO COMPLY WITH ORDER OF COURT:
1 JUDGMENT FOR DEFAULT. Where a party fails to amend his pleading within the time fixed by the court a default judgment will be entered against him on the demand of the other party; and in this action in replevin the petition was properly dismissed upon plaintiff's failure to make it more specific as required by the order of the court.

**Replevin:** PLEADINGS: DISMISSAL OF ACTION FOR DEFAULT: EXTENT OF
2 JUDGMENT. In this action the plaintiff replevied cattle, alleged his ownership and that they were distrained by defendant, but the petition was dismissed before answer because of plaintiff's failure to make it more specific as ordered, and judgment was entered against plaintiff and his sureties on the replevin bond for the value of the cattle. *Held,* that the dismissal of the action merely precluded plaintiff from proving the facts alleged in the petition, and the only judgment which could be entered was one awarding possession of the cattle to defendant or their value, and that the question of title could not be adjudicated because not put in issue by defendant.

**Same:** DISMISSAL OF ACTION FOR DEFAULT: WHAT MATTERS CONCLUDED
3 THEREBY. Where the defendant in an action of replevin failed to take issue on the question of ownership of the property, a

judgment of dismissal of the action because of plaintiff's failure to make his petition more specific was not a bar to a subsequent action to determine the title to the property; as the only question determined in the former action was the right of possession.

*Appeal, from Pottawattamie District Court.*—HON. W. R. GREEN, Judge.

THURSDAY, APRIL 7, 1910.

ON March 2, 1904, the plaintiff began an action in replevin to recover possession of eleven head of cattle, alleging his ownership thereof, that their value was $165, and that the cause of detention according to his belief was that they had broken into a field occupied by defendant, who had taken and detained them. , The defendant on April 12th moved that plaintiff's petition be made more specific. This motion was sustained, and on October 7, 1904, the court ordered that, unless the ruling was complied with before the following Wednesday, the action would be dismissed. The plaintiff having failed to plead farther, the court on November 10, 1904, dismissed · the petition because of such failure to amend and entered judgment against plaintiff and the sureties on the replevin bond for the sum of $165, being the value of the cattle as alleged in the petition, and for costs. An appeal was taken to the Supreme Court, and there affirmed on motion. This action was begun some time afterwards, and in the petition the facts recited, save the appeal, are alleged; also that plaintiff was owner of the cattle, their distraint by defendant for damages for which he demanded the sum of $15 before suit and at no time claimed to own the cattle, denied that they caused any damages, but prayed the court to determine the amount thereof, if any, and tendered whatever amount the court might determine was owing him; that the former judgment did not determine the ownership of the cattle, and asked that

such ownership be determined, that defendant be adjudged to have no interest therein save his lien, if any, for damages which plaintiff offered to pay, and that upon payment the judgment for the value of the cattle be canceled, and defendants restrained from enforcing the same. The answer interposed the former proceedings as a bar to the relief prayed, and averred that defendant held the cattle because of damages done to his property, that taking them deprived him of the power to subject them to payment of damages done, and prayed that he be permitted to go hence with his costs. The evidence adduced established plaintiff's ownership at the time in question, that they had broken into defendant's fields, and according to his testimony had been fed by him equivalent to one head for two hundred and fifty-five days. He estimated the value of so keeping them at twenty cents a day, or $51. Plaintiff's evidence indicated the damages to have been much less, and the court fixed these at $30, and upon the payment of the same and costs of the replevin suit by decree set aside and canceled the judgment. The defendant appeals.—*Affirmed.*

*Turner & Cullison,* for appellants.

*John Fletcher,* for appellees.

LADD, J.—The record discloses that an action in replevin, begun by plaintiff, was dismissed because of failure to comply with an order of court to make their petition more specific. Such petition alleged that plaintiff was absolute owner of cattle valued at $165, and that, according to his belief, defendant held them in distraint; they having broken into his premises. No answer appears to have been filed, nor does defendant appear ever to have challenged plaintiff's title to the cattle. Nevertheless, the district court upon dismissal of the petition entered judgment

in favor of the defendant for the value of said cattle as alleged in the petition. The plaintiff in this suit prays that the amount of damages be determined, and that upon their payment with costs of that action the judgment for the value of the cattle be canceled, while defendant contends that the entry of judgment for the value of the cattle was but an error or irregularity in that action, and must have been corrected on appeal, and that for this reason the court in this suit is without authority to grant the relief prayed.

If the court in entering the judgment was without jurisdiction, there was no error. *Leonard v. Insurance Co.*, 101 Iowa, 482. It does not follow, however, that, if the entry was within the court's authority, the present suit may not be maintained, for the remedy sought is not to annul or modify the judgment in the replevin action, but to adjudicate the title or interest of the respective parties in and to the chattels in controversy. Such title or interest has not been ascertained in the former suit. Therein the court rightly exacted prompt obedience to its orders (*Becker v. Becker,* 50 Iowa, 139), and it did not err in defaulting plaintiff for failing to make the petition more specific within the time designated. Section 3788 of the Code declares that "if a party fails to file or amend his pleading . . . by the time fixed by the court . . . judgment by default may be rendered against him on demand of the adverse party, made before such pleading is filed." A default is the failure to take the step required in the progress of an action, and a judgment by default is a judgment against the party who has failed to take such step. Such a judgment ordinarily is interlocutory, and not, final in form, for upon entry something more is essential to the disposition of the cause. Such a judgment in a replevin suit precludes the party at fault from proving the allegations of his petition, and

1. PLEADINGS: amendment: failure to comply with order of court: judgment for default.

this was the effect of the court's order of dismissal. The property having been wrested from defendant's possession by the extraordinary process of the court, restoration thereof necessarily followed in the absence of pleadings in order to put the parties *in statu quo*. To this was added by the judgment of default an adjudication that defendant was entitled to possession. And judgment for the return of the cattle or their value was proper. *Manix v. Howard*, 82 N. C. 125; *Collamar v. Page*, 35 Vt. 387.

But, in the absence of any assertion of title or interest in or lien on the property by defendant in an appropriate pleading, nothing of the kind was before the court. How could it know or determine the nature or

2. REPLEVIN: pleadings: dismissal of action for default: extent of judgment.

extent of defendant's interest in the absence of any pleading? Possibly all required was a demand to terminate his right of possession, or he may have held under a chattel mortgage or an adjuster's lien or in distraint for damages. Shall the court pass upon every possible right or claim of defendant without these being appropriately pleaded? We think not. Had these been set up by way of answer, issue might have been joined thereon and his claimed rights adjudicated. *Crist v. Francis*, 50 Iowa, 257. But the defendant's claim to or interest in the property was not put in issue. Apparently he was content to have the possession of the property or value thereof restored, and leave other issues for future adjustment. That such a remedy was available to him appears from *Funk v. Israel*, 5 Iowa, 438, in which certain intoxicating liquors seized under a search warrant were replevined from the officer who had served the warrant. The court approved the ruling of the trial court in having dismissed the petition on the ground that the action could not be maintained and entering judgment in favor of the officer for the possession or value of the liquors. But the title to the liquors was not adjudicated, and manifestly, upon a subsequent judg-

ment in the search warrant proceedings being entered deciding these not to be contraband, but in the legal custody of plaintiff, the judgment in favor of the constable would be no bar to the assertion of title thereto.

As said, this defendant might have had a trial on the merits in the replevin suit, but he did not avail himself of that right, and for this reason that judgment is not an obstacle to the present inquiry. *Bettinson v. Lowery,* 86 Me. 218 (29 Atl. 1003); *Hanchett v. Gardner,* 138 Ill. 571 (28 N. E. 788); *Hall v. Smith,* 10 Iowa, 45; *Manning v. Manning,* 26 Kan. 98. Had the court entered judgment restoring possession of the cattle to defendant, this would determine no more than the right of possession, and the latter must have enforced his lien for damages as provided by law. The circumstance that judgment for their value was entered in lieu of the return of the cattle does not change the situation. The plaintiff was furnished process which required the officer to take the specified property from the defendant, notwithstanding he might have been the rightful owner. To prevent the writ from working any wrong, the statute exacts before its issue the execution of a bond with sufficient surety in favor of defendant, conditioned, among other things, for the payment of any judgment which may be recovered against him. This security virtually takes the place of the property replevined, and, as the plaintiff asked what is in the nature of a judgment *in rem,* the *res,* so far as the defendant is concerned, is after the replevy represented by the replevin bond. *Walko v. Walko,* 64 Conn. 74 (29 Atl. 243). For this reason, the statute allows the defendant to have judgment for the restoration of possession or for the value of the property against plaintiff and the sureties on the bond. Sections 4176, 4178, Code. Where, as in the case at bar, the property has been distrained for damages done to crops and defendant asserts no other claim thereto,

*3. SAME: dismissal of action for default: what matters concluded thereby.*

such a judgment furnishes quite as available security as the possession of the animals against which to enforce his lien. Though such relief was available without pleading, it did no more than put the parties *in statu quo* with an adjudication of defendant's right of possession. ◦ The better practice is to require the defendant in such a case to allege whatever title or interest he may claim and settle the controversy in the replevin suit, but, when this is not done, neither party is barred from asserting their rights, other than that of plaintiff to possession, in another action.—*Affirmed.*