STATE OF IOWA, Appellee, v. JOHN BANNING, Appellee, et al., Appellant.

MARCH 13, 1928.

*Holly & Holly,* for appellant.

*John Fletcher,* Attorney-general, *Neill Garrett,* Assistant Attorney-general, and *Carl S. Missildine,* County Attorney, for appellee.

MORLING, J.—Defendant's claim is that the district court did not have before it competent evidence to show that the judgment of conviction from which the principal defendant appealed, and because of which appeal the bond sued on was given, was affirmed, and the jurisdiction of this court terminated. The trial court had before it the procedendo from this court, showing affirmance; but defendant argues that procedendo is unknown to the statute, and that the only evidence on which the trial court may act in such cases is a certified copy of the decision and opinion of this court. Defendant relies on Section 14016, Code of 1927, as follows:

"The decision of the Supreme Court, with any opinion filed or judgment rendered, must be recorded by its clerk, and, after the expiration of the period allowed for a rehearing, or as ordered by the court or provided by its rules, a certified copy of the decision and opinion shall be transmitted to the clerk of the trial court, filed and entered of record by him, and thereafter the jurisdiction of the Supreme Court shall cease, and all proceedings necessary for executing the judgment shall be had in the trial court, or by its clerk."

This section had its origin in Sections 3100, 3101, and 3102 of the Code of 1851, as follows:

"Sec. 3100. On a judgment of affirmance against the de-

fendant the original judgment shall be carried into execution as the Supreme Court shall direct.

"Sec. 3101. When the judgment of the Supreme Court is rendered it must be entered on the judgment book, and a certified copy of the entry must be forthwith remitted to the clerk where the original judgment was rendered.

"Sec. 3102. After the certificate of the judgment has been remitted as provided in the preceding section the Supreme Court has no farther jurisdiction of the proceedings thereon, and all orders which may be necessary to carry the judgment into effect must be made by the court to which the certificate is remitted."

The Constitution was adopted in 1857, and Section 1, Article V, provides:

"The judicial power shall be vested in a Supreme Court, district courts, and such other courts, inferior to the Supreme Court, as the general assembly may, from time to time, establish."

Section 4, Article V, declares:

"The Supreme Court shall have appellate jurisdiction only in cases in chancery, and shall constitute a court for the correction of errors at law, under such restrictions as the general assembly may, by law, prescribe; and shall have power to issue all writs and process necessary to secure justice to parties, and exercise a supervisory control over all inferior judicial tribunals throughout the state."

It is inherently necessary that the reviewing court, after its decision is made, shall have some method of remanding to the lower court a cause appealed to it. Different jurisdictions give different names to the order of remand, such as "procedendo," "mandate," "remittitur." These are used interchangeably. 4 Corpus Juris 1208. "Procedendo" has always been in use in this state. It is not necessary that there be statutory authorization for it. The court has inherent power to make use of it. The trial court has no discretion but to observe its command. By Section 4929 of the Revision of 1860 it was provided:

"When a judgment of the Supreme Court is rendered it must be recorded, and a certified copy of the judgment, must be forthwith remitted to the clerk of the district court in which judgment appealed from was rendered, with proper instructions,

and a copy of the opinion, in such time, and in such manner, as the Supreme Court may, by rule, prescribe.''

The supervision and authority of this court are by this statute recognized. The provision was retained in the same form in the Code of 1873. By the Code of 1897, the substance was preserved, but the form changed. Section 5466, Code of 1897, is the same as Section 14016, Code of 1927. Undoubtedly, a defendant has the right to a certified copy of the decision and opinion of this court, and the law expressly declares that right. In case of affirmance, there is ordinarily no use for a copy of the opinion. All that is necessary is that the trial court be officially informed of the decision of the Supreme Court. This official notification is conveyed by procedendo. There is no need for statutory recognition of authority therefor. The court has inherent power to issue it. Rule 37 of this court provides for it. The failure of the clerk to transmit a copy of the decision and opinion in no wise militates against or detracts from the judgment of this court and its effect, or the procedendo or its effect. By the procedendo this court relinquishes its jurisdiction, and commands the trial court to proceed. The statute must be construed in harmony with the constitutional authority of this court and with its well known practice, established pursuant to its constitutional authority. The provision made for a certified copy of the decision and opinion is directory and supplementary, and not mandatory or exclusive.

It is settled that, for ordinary purposes, the jurisdiction of this court ends with its decision and the expiration of time allowed for petition for rehearing, and that the lower court thereupon resumes jurisdiction to proceed with the cause, even though no procedendo has been sent down, or copy of the opinion transmitted. Though the defendant is entitled by the statute to have them, he is not entitled to assert that, merely because of their absence, jurisdiction still remains in this court, and has not been transmitted to the trial court. *State v. Knouse*, 33 Iowa 365; *Becker v. Becker*, 50 Iowa 139; *Hogle v. Smith*, 136 Iowa 32, 36; *State v. Clouser*, 72 Iowa 302; 4 Corpus Juris 1208; 17 Corpus Juris 373; 2 Ruling Case Law 287. In this case, the procedendo, at the time of the trial on the appeal bond, was in the court below. It was the authorized writ from this court, and officially informed the trial court that the judgment had been affirmed,

and the cause remanded, and the trial court was commanded thereby to proceed. In accepting the procedendo and in proceeding thereon, the trial court was acting within its jurisdiction, and on sufficient evidence.—*Affirmed.*

STEVENS, C. J., and EVANS, FAVILLE, and DE GRAFF, JJ., concur.

ALBERT, J., dissents, on the ground that this opinion is a judicial repeal of Section 14016, Code of 1927.

WAGNER, J., joins in this dissent.