**IN THE SUPREME COURT OF IOWA**

No. 50 / 05-0179

Filed May 19, 2006

**IN THE INTEREST OF**

**M.T., M.T., AND T.B.,**
**Minor Children.**

_____

Appeal from the Iowa District Court for Woodbury County, Brian L. Michaelson, Judge.

Appeal from district court order allowing tribe to intervene pursuant to the Iowa Indian Child Welfare Act in child-in-need-of-assistance action. **APPEAL DISMISSED.**

Michelle M. Dreibelbis, Sioux City, for appellants, minor children.

Thomas S. Mullin, County Attorney, and David A. Dawson, Assistant County Attorney, for appellants, State of Iowa and Woodbury County Attorney.

Thomas J. Miller, Attorney General, and Bruce Kempkes, Assistant Attorney General, for appellee, Iowa Department of Human Services.

Martha M. McMinn, Sioux City, for appellee, The Winnebago Tribe of Nebraska.

Jeffrey S. Rasmussen of Olson, Allen & Rasmussen, L.L.C., Bloomington, Minnesota, Thomas D. Grabinski of Grinnell, and Wilford Stone of Lynch Dallas, P.C., Cedar Rapids, for amicus curiae, The Sac & Fox Tribe of the Mississippi in Iowa.

Molly Vakulskas-Joly, Sioux City, for the father of M.T. and M.T.

H. Allan Sturgeon, Sioux City, for the mother of the minor children.

**TERNUS, Justice.**

The district court allowed The Winnebago Tribe of Nebraska to intervene in this child-in-need-of-assistance action. The children's attorney and the Woodbury County Attorney challenge this ruling, claiming the Iowa Indian Child Welfare Act, under which the court authorized the tribe's intervention, is unconstitutional. We do not reach this issue, however, because we are compelled to conclude the appeal must be dismissed on jurisdictional grounds.

I. *Background Facts and Proceedings.*

The county attorney commenced this proceeding under Iowa Code chapter 232, alleging the minor children, M.T., M.T., and T.B., were children in need of assistance and asking that their care, custody, and control be transferred to DHS for placement in family foster care. More than twelve months after The Winnebago Tribe of Nebraska was notified of this action, it sought to intervene pursuant to the Iowa Indian Child Welfare Act ("Iowa ICWA"). *See* Iowa Code § 232B.4(3) (Supp. 2003). Rejecting the constitutional challenges made to the Iowa ICWA by the children's attorney and the county attorney, the district court permitted the tribe to become a party to the proceeding. After the children's attorney's and the county attorney's motions to reconsider under Iowa Rule of Civil Procedure 1.904(2) were denied, these parties filed notices of appeal.

At this point, the Iowa Attorney General filed a statement with the Iowa supreme court, claiming the county attorney had improperly asserted authority to appeal on the State's behalf. The attorney general claimed, contrary to the position of the county attorney, that the Iowa ICWA could be defended against any constitutional challenge. Subsequently, the attorney general filed a motion to dismiss the appeal on the basis it was untimely. The attorney general claimed the appellants' post-ruling motions were not

properly filed under rule 1.904(2) and so did not toll the time for appeal. Being unpersuaded by the county attorney's resistance to the attorney general's motion to dismiss, a three-justice panel of this court held the post-ruling motions did not toll the period for appealing and so dismissed the appeal. The dismissal order was filed on May 5, 2005, and procedendo was issued the next day on May 6, 2005, sending the matter back to the district court.

On May 11, 2005, the county attorney filed a petition for rehearing in the supreme court, arguing the panel had erred in dismissing the appeal. On June 14, 2005, the panel set aside the dismissal and ordered the clerk of the supreme court to recall procedendo. The question of appellate jurisdiction was ordered to be submitted with the appeal.

The attorney general subsequently filed a motion to vacate this court's June 14, 2005 order, claiming the panel lacked authority to withdraw procedendo and reinstate the dismissed appeal. Alternatively, the attorney general claimed that even if the court had authority to recall procedendo, the circumstances of this case did not warrant the exercise of this extraordinary power. The county attorney responded that this court's "jurisdiction did not cease when procedendo was quickly, but mistakenly, issued on May 6, 2005."

Although the parties dispute whether the county attorney or the attorney general properly represents the interests of the State in this appeal, we need not resolve this dispute prior to determining our jurisdiction in this matter. Questions concerning this court's jurisdiction may be raised upon the court's own motion. *See River Excursions, Inc. v. City of Davenport*, 359 N.W.2d 475, 477 (Iowa 1984) ("Even though neither party has questioned our jurisdiction to hear and decide this case, we will sua sponte dismiss an appeal that is neither authorized by our rules nor

permitted by court order."); *Budde v. City Dev. Bd.*, 276 N.W.2d 846, 849 (Iowa 1979) ("Although petitioners moved to dismiss the appeal, we are obliged to do so even on our own motion when an appeal is not authorized by rule."). Therefore, the attorney general's standing to challenge our jurisdiction is irrelevant. Accordingly, we proceed directly to a consideration of the propriety of this court's recall of procedendo and reinstatement of this appeal.

II. *Discussion.*

An appellate court must have some method of remanding a case to the lower court after the reviewing court has made its decision. *See State v. Banning*, 205 Iowa 826, 828, 218 N.W. 572, 574 (1928). In Iowa, remand is accomplished by the issuance of a procedendo. *See State v. Henderson*, 215 Iowa 276, 278, 243 N.W. 289, 290 (1932) ("The bar and the courts of this state have uniformly referred to the order which goes from this court to the district court to proceed with the trial of a cause as a 'procedendo.' "). *See generally* 62B Am. Jur. 2d *Procedendo* § 1, at 579 (2005) ("In some jurisdictions, the term 'procedendo' is used interchangeably with 'remittitur' and 'mandate' to denote the order issued by a court of review on the decision of a cause on appeal. . . ."). The issuance of procedendo is within the court's inherent power.[1] S*ee Banning*, 205 Iowa at 828, 218 N.W. at 574.

This court has adopted several appellate rules that address the issuance of procedendo. Iowa Rule of Appellate Procedure 6.30 states that no procedendo will issue "for 15 days after an opinion of the supreme court

---

[1]Although the supreme court has inherent power to issue a procedendo, this authority has been codified by the legislature for criminal cases and small claims actions. *See* Iowa Code § 814.24 (2005) (stating with respect to criminal appeals: "The decision of the appellate court with any opinion filed or judgment rendered must be recorded by its clerk. Procedendo shall be issued as provided in the rules of appellate procedure."); *id.* § 631.16(6) (setting forth same principles pertaining to discretionary review of small claims actions).

is filed, nor thereafter while a petition for rehearing, filed according to these rules, is pending." Iowa R. App. P. 6.30. In contrast, procedendo must issue immediately when the court denies an application for further review or renders a decision in an abortion notification appeal. *See* Iowa Rs. App. P. 6.402(6), 6.502(3).

Once procedendo has issued, the jurisdiction of the supreme court ceases.[2] *See Henderson,* 215 Iowa at 278, 243 N.W. at 290; Iowa Code § 814.25 (providing in reference to criminal matters that "[t]he jurisdiction of the appellate court shall cease when procedendo is issued"); *id.* § 631.16(7) (setting forth same principle pertaining to discretionary review of small claims actions); *see also* Iowa R. App. P. 6.12(6) (stating in cases of voluntary dismissal of an appeal that "[t]he issuance of procedendo shall constitute a final adjudication with prejudice"). Indeed, the entire purpose of a procedendo is to notify the lower court that the case is transferred back to that court. *See Banning,* 205 Iowa at 829, 218 N.W. at 574.

We have found no Iowa cases discussing the court's power to recall procedendo or the parameters of such a power. Nonetheless, it appears this court has recalled procedendo in at least two documented cases. In *Fenton v. Way,* 44 Iowa 438 (1876), the defendant filed a petition for rehearing after this court had filed its opinion and issued procedendo. 44 Iowa at 438-39. The supreme court ordered that procedendo be returned and subsequently overruled the petition for rehearing. *Id.* at 439. This court's recall of procedendo was not challenged or explained, but the facts showed the

---

[2] Jurisdiction of a reviewing court may also end without the issuance of procedendo if the reviewing court has issued its decision, the time for rehearing has expired, and the lower court has resumed jurisdiction with all parties having notice. *Henderson,* 215 Iowa at 278, 243 N.W. at 290; *Banning,* 205 Iowa at 829, 218 N.W. at 574; *Becker v. Becker,* 50 Iowa 139, 140-41 (1878). "Under such circumstances, we have held that by appearance the parties consent to the jurisdiction of the lower court, and thereby waive the filing of a procedendo." *Henderson,* 215 Iowa at 278, 243 N.W. at 290.

procedendo had issued prior to the expiration of the time for filing a petition for rehearing. *Id.* at 438. In *Hasted v. Dodge*, 39 N.W. 668 (1888), this court, on its own motion, ordered a rehearing after an opinion had been filed and procedendo had been issued. 39 N.W. at 668. It appears the court discovered a conflict between the filed opinion and a prior decision of the court. *Id.* It is not apparent from the opinion whether the time for rehearing had expired at the time the court ordered a rehearing on its own accord. Because the court's withdrawal of procedendo was not challenged in *Fenton* or *Hasted*, these decisions provide little assistance in the present appeal. Therefore, we turn for guidance to the general principles followed by other courts with respect to the recall of procedendo, mandate, or remittitur.

It is widely recognized that an appellate court has inherent power to recall a procedendo. *See Haw. Hous. Auth. v. Midkiff*, 463 U.S. 1323, 1324, 104 S. Ct. 7, 8, 77 L. Ed. 2d 1426, 1428 (Rehnquist, Circuit Justice, 9th Cir. 1983); *Nelson v. James*, 722 F.2d 207, 208 (5th Cir. 1984); *Greater Boston Television Corp. v. FCC*, 463 F.2d 268, 277 (D.C. Cir. 1971); 5 Am. Jur. 2d *Appellate Review* §§ 797, 798, at 463 (1995). Nonetheless, due to the strong interest in finality of judgments, the power of recall is considered an extraordinary remedy to be used sparingly and only to prevent injustice. *See Nelson*, 722 F.2d at 208; *Powers v. Bethlehem Steel Corp.*, 483 F.2d 963, 964 (1st Cir. 1973); *Greater Boston Television Corp.*, 463 F.2d at 277-78; 5 Am. Jur. 2d *Appellate Review* § 798, at 463. "The clearest reason for recall or revision of appellate mandate is . . . to correct clerical mistakes or to make the judgment consistent with the opinion." *Greater Boston Television Corp.*, 463 F.2d at 278 (footnote omitted); *accord* 5 Am. Jur. 2d *Appellate Review* §§ 800, 801, at 465. A recall of procedendo is also appropriate to protect judicial integrity. *See Greater Boston Television Corp.*, 463 F.2d at

278; 5 Am. Jur. 2d *Appellate Review* § 803, at 465-66. "Thus, a mandate may be set aside if it was procured by fraud on the court." 5 Am. Jur. 2d *Appellate Review* § 803, at 466; *accord Greater Boston Television Corp.*, 463 F.2d at 278. On the other hand, "[a]lleged erroneous rulings of law are generally not held to be sufficiently unconscionable to justify [the recall of procedendo]." *Powers*, 483 F.2d at 964; *accord State v. Waddell*, 254 N.W. 627, 627 (Minn. 1934) (holding remittitur will not be recalled absent "some irregularity in connection with the remittitur").

Turning to the present appeal, we note the appellants have suggested two bases upon which procedendo was properly withdrawn: (1) procedendo was "mistakenly" issued by the clerk; and (2) our dismissal order was erroneous. Adhering to the principles set forth above, we conclude neither ground is sufficient to justify the recall of procedendo in this case.

We first consider the argument that the supreme court clerk improvidently issued procedendo the day after our dismissal order was filed. The only rule requiring the clerk to delay the issuance of procedendo is rule 6.30, which instructs the clerk not to issue procedendo for fifteen days after an "opinion" is filed or thereafter while a petition for rehearing is pending. Iowa R. App. P. 6.30. The fifteen-day delay is apparently intended to maintain jurisdiction in the supreme court during the fourteen-day period for filing a petition for rehearing. *See* Iowa R. App. P. 6.27(1) (allowing a party to file a petition for rehearing "within 14 days after the filing of an opinion by the supreme court"). Rule 6.30 has no application to the dismissal order of the three-justice panel in this case, however, because the dismissal order is not an opinion. It is clear from a review of this court's procedural rules that an order that disposes of a motion is not considered an "opinion." For example, Iowa Rule of Appellate Procedure 6.502, which concerns abortion notification appeals, states that the supreme court's

"decision may be rendered by *order or opinion.*" Iowa R. App. P. 6.502(3) (emphasis added). In addition, Iowa Court Rule 21.25, a rule governing the organization and procedures of appellate courts, provides for the publishing of "[o]pinions of the supreme court" by West Publishing Company. Iowa R. App. P. 21.25. Clearly, this court does not forward orders rendered on motions to dismiss to West Publishing Company for inclusion in the Northwestern Reporter. The panel's dismissal order in this appeal was not an opinion. Therefore, the clerk was not prohibited by rule 6.30 from promptly issuing procedendo.

For the same reason, the appellants' petition for rehearing of the panel's dismissal order did not provide a basis to recall procedendo. Although the petition was purportedly filed under the authority of rule 6.27, that rule allows a party to file a petition for rehearing only after the filing of an "opinion." Because the dismissal order was not an opinion, rule 6.27 did not authorize the appellants' petition for rehearing. We have examined our rules of appellate procedure and conclude no provision is made for the review or rehearing of three-justice orders. Therefore, the present case is unlike the situation in *Fenton* when we recalled a procedendo issued before the time for rehearing had expired. Here, there was no period in which the appellants could ask for rehearing, and consequently, there was no irregularity in the immediate issuance of procedendo.[3]

Finally, we consider the appellants' assertion that this court could properly recall procedendo in order to correct its allegedly erroneous dismissal order. Even if we assume our dismissal order was wrong, that fact would not provide a basis to recall procedendo. The importance of

---

[3] The finality of a three-justice dismissal order is not unique under our rules. Abortion notification appeals are submitted to a three-justice panel, the panel's decision is not subject to review or rehearing, and the clerk is instructed to promptly issue procedendo once an order or opinion is filed. Iowa R. App. P. 6.502(3).

finality in judgments constrains the exercise of our inherent power to recall procedendo and resubmit the appeal in the absence of an irregularity in the proceedings that affected the integrity or fairness of the court process. The only irregularity in the process suggested by the appellants is the clerk's prompt issuance of procedendo. But as we have already discussed, the clerk's action was entirely consistent with our appellate rules. Therefore, the appellants received the process to which they were entitled under our rules, procedendo was properly issued, and the dismissal is final.

III. *Disposition.*

Procedendo was improperly recalled in this matter because there was no factual or legal basis for the exercise of this extraordinary power. Accordingly, we vacate this court's June 14, 2005 order recalling procedendo. The three-justice order dismissing the appeal stands as this court's final decision.

**APPEAL DISMISSED.**

All justices concur except Carter, J., who dissents without opinion.