# IN THE COURT OF APPEALS OF IOWA

No. 25-1101
Filed April 15, 2026

**Kyle Anthony Sadler,**
Applicant–Appellant,

v.

**State of Iowa,**
Respondent–Appellee.

Appeal from the Iowa District Court for Poweshiek County,
The Honorable Crystal S. Cronk, Judge.

## APPEAL DISMISSED

Sonia M. Elossais of Carr Law Firm, P.L.C., Des Moines,
attorney for appellant.

Brenna Bird, Attorney General, and Genevieve Reinkoester, Assistant
Attorney General, attorneys for appellee.

Considered without oral argument
by Greer, P.J., and Schumacher and Chicchelly, JJ.
Opinion by Chicchelly, J.

1

**CHICCHELLY, Judge.**

Kyle Sadler appeals a district court order denying his motion to amend his application for postconviction relief (PCR) and dismissing the case. On appeal, Sadler argues his PCR counsel was ineffective for failing to file a timely application for further review. Upon our review, we find we lack jurisdiction and dismiss Sadler's appeal.

## BACKGROUND FACTS AND PROCEEDINGS

This is Sadler's second appeal in this postconviction relief proceeding. We summarized the facts and proceedings in his first appeal:

> In early 2018, the State charged Sadler with second-degree murder, three counts of assault with a dangerous weapon, operating while intoxicated, and four counts for failure to stop at the scene of an accident. During the proceedings, Sadler moved to extend pretrial and discovery deadlines until August 1, 2018, which the court granted. On August 1, Sadler moved to suppress evidence that he alleged was obtained in violation of his constitutional rights. The court denied the motion, finding it was "untimely filed." But after the State moved to enlarge the ruling, the court agreed that while the motion was "not technically untimely," it could not be heard before trial and must be denied.
>
> A jury trial occurred as scheduled in mid-August 2018, after which Sadler was convicted of all charges. He appealed. On direct appeal, we affirmed Sadler's convictions but merged his four failure-to-stop convictions into one. *See State v. Sadler*, No. 18-2041, 2020 WL 4200158, at *9 (Iowa Ct. App. July 22, 2020).
>
> Sadler applied for postconviction relief, alleging that his trial counsel was ineffective for failing to suppress evidence, request a change in venue, and present evidence that Sadler acted in self-defense. After a PCR hearing in mid-2023, the PCR court granted Sadler's application on two grounds, finding that trial counsel was ineffective for failing to timely file the motion to suppress and for failing to file a motion for a change of venue. The trial court rejected his claim that trial counsel was ineffective for failing to assert he acted in self-defense. The PCR court then went further, raising and ruling on two ineffective-assistance claims which Sadler had not argued,

2

> and adding those claims to its cumulative prejudice analysis. The State appeals.

*Sadler v. State*, No. 24-1061, 2025 WL 1177417, at *1 (Iowa Ct. App. April 23, 2025). In that appeal, we reversed and remanded Sadler's case to the district court for dismissal. *Id.* at *3.

Twenty-one days after our opinion was filed, Sadler filed an application for further review. The State moved to strike the application as untimely, which the supreme court granted. Procedendo issued and the case was remanded for dismissal. But on remand, Sadler sought leave to amend his PCR application to add the claims the district court raised on its own when granting him relief. The district court denied Sadler's motion for leave to amend and dismissed the case. Sadler appeals.

## STANDARD OF REVIEW

We usually review appeals of PCR applications for correction of errors at law. *Goode v. State*, 920 N.W.2d 520, 523 (Iowa 2018). But when the review implicates a constitutional issue, such as ineffective assistance of counsel, our review is de novo. *See Sothman v. State*, 967 N.W.2d 512, 522 (Iowa 2021).

## DISCUSSION

Before we can address the merits, the State contests our jurisdiction. The State argues, this court "lacks the jurisdiction and/or authority to hear Sadler's appeal because his brief does not claim any error in the order from which he appealed." The State points out that the order Sadler appeals is the order denying his motion to amend his PCR application and dismissing the case, but the issue Sadler raises on appeal is the alleged ineffectiveness of PCR counsel. Sadler responds that the appeal is from the dismissal order and dismissal "may not have occurred but for the inaction of prior [PCR]

counsel." Given the unique procedural posture of this case, we conclude we lack jurisdiction.

Procedendo issued in Sadler's initial PCR appeal on June 2, 2025, with directions to "proceed in the manner required by law and consistent with the opinion of the court." *See In re M.T.*, 714 N.W.2d 278, 282 (Iowa 2006) (noting the purpose of procedendo is "to notify the lower court that the case is transferred back to that court"). The next day Sadler moved for leave to amend the existing PCR application to address PCR counsel's alleged failures related to the appeal that was just heard by a panel of our court. On July 2, the district court followed our mandate and dismissed the PCR case. "The mandate rule requires the district court 'to honor and respect the rulings and mandates by appellate courts in a case.'" *Shontz v. Mercy Med. Ctr.-Clinton, Inc.*, ___ N.W.3d ___, 2026 WL 911688, at *3 (Iowa Apr. 3, 2026) (citation omitted). "This honor and respect must take the form of strict compliance." *Id.* Here, the district court was limited to following our mandate that required it dismiss the PCR application. Thus, there was no opportunity for leave to amend a pleading in a case that was now to be dismissed. *Id.* Any actions "contrary to the mandate must be treated as null and void." We consider Sadler's efforts to amend his PCR application as contrary to our mandate and thus, ineffective. *Id.* at *1. The State correctly characterized Sadler's actions as trying to "keep his PCR alive by attempting to add new claims." Given that the case was to be dismissed, Sadler's filings post-procedendo were null and void, and we do not have jurisdiction to address any matters related to other PCR not advanced in Sadler's initial application.

And the State correctly points out that Sadler did not appeal from the order denying his motion to amend and the district court's dismissal, but he instead appealed raising issues over his PCR counsel's failure to file an

application for further review in the appeal that was now resolved.  *See State v. Shackford*, 952 N.W.2d 141, 144–45 (Iowa 2020) (asserting a district court's jurisdiction is limited on remand to following the orders of the appellate court).  This new contention involving Sadler's PCR counsel's conduct is not properly before us as we have no jurisdiction to consider an unrelated issue not properly raised in the proceedings before us.

**APPEAL DISMISSED.**