HENRY M. RICE, Plaintiff in Error, vs. LOUIS F. TAVERNIER, Defendant in Error.

ERROR TO THE DISTRICT COURT OF RAMSEY COUNTY.

R. being the owner of a tract of land adjoining a town, which he was then laying out into lots as an addition to the town, gave a power of attorney to another to sell and convey the tract (describing it according to the Government survey,) "*in lots as surveyed by B.*" The agent conveyed to G. thirteen acres which had not been laid off or surveyed into lots. R. never accepted or received the consideration for this sale, and denied the right of the agent thus to convey. But he subsequently, in conveying another portion of the same tract to a stranger, described the land he was about to convey, as bounded on one side by the land deeded by his agent (naming him) to G. *Held*, That the power of attorney did not authorize the agent to convey any portion of the tract not surveyed into lots, and that R. was not estopped by this description or recital in the deed afterwards made, from denying his agent's authority to make the conveyance to G.

Points and Authorities of Plaintiff in Error.

I.—Russell was not authorized to sell until a survey into lots by B. W. Brunson had been made. Until that was done the power was in suspense. *See* 2 *Parsons on Contracts*, 29; *Story on Sales*, 240 *to* 244.

II.—The power was not only in suspense until a survey into lots, but was confined in its exercise, after survey, to conveyances in lots. 8 *Wend.*, 83; 15 *Johns.*, 43; 7 *ib.*, 390.

III.—The statement contained in the deed from the Plaintiff to Edmund Rice, was inadmissible and is immaterial. *Paley on Agency, p.* 158; 1 *Holt*, 141; 12 *Wend.*, 528; 5 *Minn.*, *p.* ; 3 *Durnford & East.*, 757; 15 *Johns.*, 43; 9 *Peters.* 808, 629; 9 *Wend.*, 54; 12 *ib.*, 525; 9 *Johns.*, 73.

Points and Authorities of Defendants in Error.

I.—Plaintiff's deed to Russell granted a power to convey the whole of the land described in it to wit: the east half of the north-west quarter of section six, township twenty-eight, ango twenty-two; and the power is not confined to such por-

tion of the land as was then, or might afterwards be, surveyed into lots. The words "in lots, as surveyed by B. W. Brunson," are not used to define or limit the power granted, but only, at most, to direct the attorney in its exercise.

II.—Even on the Plaintiff's interpretation of the deed, Russell had authority to convey the one-third acre in dispute. Prior to the execution of the deed to Russell, it had been surveyed into a block and streets. That any further or more minute survey of this portion was intended, or that any other portion of the land was surveyed, or intended to be surveyed, does not appear. Practically, it came within the requirements of the deed, and it is not to be presumed that any further subdivision of it was intended. This being so, the deed to Guerin, upon Plaintiff's own interpretation of the power, would be absolutely good as to this one-third acre, even though it would be void or voidable as to the balance. It would be good *pro tanto*. 2 *Vesey*, 644; *Comyn's Dig., Attorney C.*, 15.

III.—On the interpretation of the deed to Russell, that the words "in lots as surveyed by B. W. Brunson," were not intended to define or limit the power granted, but only to direct and instruct the attorney as to the manner of exercising it, he had authority to convey the whole of the land described in the deed to Guerin. The execution of the deed by Russell before the whole of the land described in it was surveyed, and describing the land by metes and bounds, instead of by lot, was not exceeding his authority, nor acting without any, but was, at most, a misuse of his power, by departing from his instructions. *See Story's Agency, secs.* 252 *to* 260.

IV.—The express admission of Plaintiff in his deed to Edmund Rice, and especially his silence and acquiescence for more than eight years, estop him from denying that he had waived his instructions to Russell as to the manner of executing the power.

I. V. D. EWARD, Counsel for Plaintiff in Error.

J. & C. D. GILFILLAN, Counsel for Defendant in Error.

*By the Court.*—EMMETT, C. J.—The Plaintiff was the owner of a tract of land, adjoining the original town of St. Paul, in the county of St. Croix, Wis., now county of Ramsey, Minn., which was then being, or about to be, in part at least, laid out into lots, as an addition to said town.  In January, 1849, he gave to one Roswell P. Russell a power of attorney to sell and convey the same, " *in lots, as surveyed by B. W. Brunson,*" and Russell afterwards, in the absence of the Plaintiff, but in pursuance, as he supposed, of the authority conferred by said letter of attorney, conveyed to Guerin the grantor of the Defendant, a portion of said tract, consisting of about thirteen acres.  The part thus conveyed had not yet been surveyed into lots, nor had it, or any portion thereof, been in any manner surveyed, except that a very small part, of about one third of an acre in extent, and constituting the land in dispute in this action, had been surveyed into a block and streets.  The first question to be determined, therefore, is whether Russell was authorized by the power to sell and convey any portion of the property not surveyed into lots.  We must first ascertain, if possible, what was intended by the use of the words " in lots, as surveyed by B. W. Brunson," and then give effect to that intention, if we can reasonably and equitably do so ; for it must not be lost sight of that the Plaintiff had the right to annex just such conditions to the exercise of the power as he saw proper ; and they being contained in the instrument creating the power, all persons dealing with the attorney, were bound to know these conditions or restrictions upon his power to convey, and are answerable for a proper construction of the terms by which they are imposed.

As before remarked, the tract mentioned and described in the power, adjoined the town of St. Paul, and its value was, doubtless, greatly enhanced by that fact.  It was then being, or about to be, laid out into town lots, as an addition to said town, and the inference is fair that this was being done, because it could be disposed of to better advantage as town property than by the acre.  It was perfectly natural for the owner, therefore, when authorizing an agent to sell, that he

should limit him to sales by the lot, instead of by the acre—indeed not to have done so would have been very remarkable, after having laid it out into town lots, or provided for so doing. And what form more convenient or comprehensive than that adopted, considered either in regard to the description of the property embraced, or the particular manner in which it should be disposed of? By adopting this general description a particular enumeration of all the lots and blocks which had been or might be made out of eighty acres of land, was avoided—an enumeration which could not possibly be made until after the land had been surveyed and platted. And to my mind, by the use of the words, "in lots, as surveyed by B. W. Brunson," the idea is clearly conveyed that it could only be sold in small parcels, as designated on the plot. No one, I think, could reasonably conclude, after reading this instrument, that the Plaintiff intended thereby to authorize Russell to sell and convey the whole tract in one parcel. This would not only be inconsistent with his having it surveyed into lots at all (a fact plainly inferred from the instrument,) but would be ignoring the words " *in lots, as surveyed,*" &c., which, if used for any purpose, we are bound to give effect to, if we can. And yet Russell had the same power to sell the whole tract as one parcel, that he had to sell any portion by the acre. We believe that it was the intention of the Plaintiff, by the use of these words, to limit Russell to a sale of lots only, and thus secure to himself the benefit to be derived from a sale of the tract as town property.

The power given was but a naked power, and where the owner of an estate prescribes in the instrument creating such a power, the manner of exercising it, every requirement must be strictly complied with, or the power does not arise.  3 *Wend.*, 83; 15 *John.*, 43; *Blackwell on Tax Titles*, 49; *Hawkins vs. Kemp*, 3 *East*, 410; 10 *Watts*, 274; and applying a remark made in the case last cited, the attorney here, and those with whom he dealt, were bound to notice that there was meaning if not wisdom in the use of the words, " *in lots, as surveyed by B. W. Brunson.*" The particular manner in which property is directed to be sold and conveyed, is matter of substance and not of form merely.   A power to sell at

public auction does not authorize a sale by private contract, whatever may be the price offered. *Dart's Ven. and Pur. of Real Estate*, 30. Not even if the price is greater than that limited. *Id.*; 1 *Sug. on Ven.*, 62. Nor does an authority to sell to A for a given sum, necessarily justify a sale to B. for that, or even a greater sum. *Dart's Ven. and Purchaser*, 31. A power to sell at retail would not authorize a sale at wholesale, nor should a power to sell a tract in town lots be construed as authorizing a sale of the whole in one body as an entire tract.

It is contended, however, that although Russell may not have had authority to sell and convey all the land mentioned in the deed to Guerin, yet the deed was good as to the particular piece here in controversy; because that had been surveyed into a block and streets. We do not think so. The main object of requiring the land to be sold by lots was to secure a greater price, by making the value of each individual lot enter into the estimate, and if this were done, the amount received therefor, whatever the number sold, and whether sold to one man or one hundred, would be but the aggregate of the values of the several lots. But a sale by the acre would defeat the very object in view; and although the whole thirteen acres mentioned in the deed to Guerin, had been surveyed into lots, I think the deed would have been void, because it was sold in a body, and not sold in lots as directed by the letter of attorney. It is not the quantity sold that is material, but the selling it in small parcels of the particular size and shape designated by the lots in Brunson's survey. This direction was in no wise observed in the case before us, not even in regard to the portion which had been surveyed into streets and a block; for that was not distinguished from the rest, and was in fact but about one-fortieth part of what was included in the description of the piece conveyed. Moreover, we think the contract was entire and indivisible. The consideration was entire, and there is nothing to indicate that a particular price was fixed or agreed upon, for the portion surveyed.

Much stress is also laid upon the fact that some months after the deed from Russell to Guerin, the Plaintiff himself made a deed conveying another portion of the land to a third

party, in which he describes the land conveyed as bounded on one side by land deeded by Russell, his attorney in fact to Guerin. This, it is claimed, is a ratification or confirmation of Russell's conveyance ; but we do not see how it can change the relation which the parties to Russell's deed previously bore to each other. The Russell conveyance was referred to as mere matter of description, and we are unable to see how the Plaintiff can be prejudiced thereby. In point of fact Russell had "·deeded " a piece of land to Guerin, which lay along one side of that which the Plaintiff was then about to convey, and the Plaintiff then supposed that he was bound by Russell's deed. The description, therefore, was literally correct ; but it was not made with the purpose of adopting, recognizing or confirming the act of Russell. It scarcely attains to the dignity or force of a recital, and even if it did, a stranger to the deed can derive no benefit from it other than could be derived from any other written admission that Russell had deeded to Guerin, a fact never denied. Russell's *deed* is the fact recited or admitted, not his *power* to convey. But were it the power itself, what difference could it make ? As before remarked, Guerin and his grantees are strangers to the deed. There is no promise to any one—no consideration to support a promise. How, then can they be benefitted ? Their rights depended solely upon the mere question of Russell's authority. They were bound to notice the terms of the letter of attorney, and they took the conveyance at their own risk. They had no equities superior to those of the Plaintiff. If Russell had no authority to make such a conveyance, Guerin was no better off than if Russell had made it without a power of attorney for any purpose. And if he had undertaken to convey, without power of any kind, all the admissions and recitals which the Plaintiff could make to third persons, would not suffice to pass the title—nothing short of the usual deed, upon good consideration, could accomplish that result.

Nor do we think that the conduct of the Plaintiff, in this or any other particular, has been such that he ought in equity to be estopped at this time from denying Russell's authority to

convey to Guerin.   On the contrary, although for a time de-
spairing of relief, during which he seemed disposed to submit
in silence to that which he could not remedy, yet he has never
received from Russell any portion of the consideration for the
conveyance to Guerin, and seems always to have denied that
he had power thus to convey ; and judging from the fact that
he was in the actual possession of the property in dispute in
this action, at the commencement thereof, he seems never to
have surrendered possession to Guerin or his grantees.   He
made no representations to induce him to purchase of Russell,
or the Defendant, or those through whom he holds to purchase
of Guerin ; nor does the defendant or any one else appear to
have relied upon anything the Plaintiff may have said or
done, or omitted to say or do, in purchasing any portion of
the land embraced in the deed to Guerin.

The judgment of the District Court in favor of the Defend-
ant is reversed.