THORE J. RUD v. BOARD OF COUNTY COMMISSIONERS OF POPE COUNTY.[1]

November 27, 1896.

Nos. 10,415—(104).

**Change of Highway—Sufficiency of Description.**

*Held,* that the description of a highway contained in the order of the county commissioners changing its location was insufficient.

On Order to Show Cause. January 27, 1897.

**Appeal—Remittitur—Jurisdiction.**

After the supreme court has rendered judgment, and remitted it to the court below, and the remittitur has been there filed, the jurisdiction of the supreme court is divested.

Thore J. Rud appealed to the district court for Pope county from an order of the board of county commissioners of said county laying out and changing a highway. From an order of said court, C. L. Brown, J., reversing the order of said board, it appealed. Affirmed.

*E. M. Webster,* County Attorney, *Lewis C. Spooner,* and *Marshall A. Spooner,* for appellant.

*T. T. Ofsthun,* for respondent.

MITCHELL, J. This is an appeal from the action of the district court reversing the order of the board of county commissioners changing part of a highway running into more than one town. Most of the objections made to the validity of the proceedings are without merit, but there is one which is fatal, and which fully justified the court in reversing the order. The description of the highway as changed, contained in the order, is as follows:

"Beginning 3.18 chains north from the southeast corner of Section 26 T 125 R 39, thence south on sec. line 3.18 chains to section corner, thence south on section line 80.44 chains to southwest corner Sec. 36 T 125 R 39, thence E on town line 0.23 chs. to 1-4 cor. on north side Sec. 2 T 124 R 39, thence south 15 deg. 30 min. E 14.32 chains, thence S 8 deg. E 4.82 chains, thence S 52 deg. 45 min. W 5.67 chains to N. & S. 1-4 line through said Sec. 2, 22 chains south

[1] Reported in 68 N. W. 1062, and 69 N. W. 886.

from N side said sec., thence south on 1-4 sec. line 56.35 chains to 1-4 sec. cor. on south side said Sec. 2, thence south on 1-4 sec. line through Section 11 Town 124 range 39, 60.05 chains to N. W. cor. S. W. 1-4 S. E. 1-4 said section 11."

The courts, of course, take judicial notice of the government surveys. Township 124, range 39, lies immediately south of township 125 in the same range. Between them is the sixth standard parallel or "correction line," lines established at certain intervals to counteract the error from convergence of meridians. The result is that the north and south lines in these two towns make a jog at the town line, the lines in township 124 being a short distance east of the corresponding lines in township 125. A "quarter corner," as distinguished from a "section corner," in the government surveys, means the corner on the section line midway between the section corners; and a "quarter line," as distinguished from a "section line," means a line running from one quarter corner to another through the center of a section.

The description, after the highway reaches the southwest corner of section 36, is "thence E on town line 0.23 chs. to 1–4 cor. on north side Sec. 2"; whereas the quarter corner on the north side of section 2 is approximately half a mile west of the southwest corner of section 36. But, assuming that this erroneous call for the quarter corner could be rejected or construed as referring to the north section corner between sections 1 and 2, still the difficulty is not overcome. There then follow three courses and distances. The first two courses are east of south, which would bring the line quite a distance east of the north and south section line between sections 1 and 2. The third course is south and west (the distance being only 5.67 chains), and calls for the north and south quarter line through section 2. By no possibility could this last course and distance reach a point as far west as the north and south quarter line in section 2. If there was but a single course between the north section corner between sections 1 and 2 and the quarter line referred to, it may be that the call for the quarter line might control; but here are three courses and distances, and it is impossible to determine which one contains the error.

Conceding, without deciding, that, if this description was contained in a contract inter partes, it could be aided by evidence of extrinsic

circumstances tending to show the intention of the parties, it certainly cannot be sustained in proceedings of this character, into which no question of intention can enter.

The learned trial judge filed no memorandum stating the grounds of his decision, and we have not received much aid from the briefs of counsel on this point, and hence may have fallen into error as to the facts; but, with our understanding of the facts, we are satisfied that this description is fatally defective.

Order affirmed.

---

On January 27, 1897, the following opinion was filed:

PER CURIAM. The opinion in this case was filed November 27, 1896. On December 12 a remittitur was issued, regularly and in accordance with the practice and rules of this court, and has been filed in the court below. On January 4, 1897, counsel for the defendant applied for, and obtained from a justice of this court, an order to show cause why the remittitur should not be recalled, and a reargument of the cause granted. The ground upon which this application was made was that this court, in the decision of the case, had fallen into a material error as to the facts.

We are of opinion that after an appellate court has pronounced its judgment or decree in a cause, and has remitted it to the court below for enforcement, and such remittitur has been filed in the lower court, the jurisdiction of the appellate court is completely divested, and that it has no authority to recall the remittitur, unless there has been some irregularity or error in issuing it; as where it was issued contrary to the rules of the court, or where, by reason of a clerical mistake, it does not correctly express the judgment of this court. See notes to Legg v. Overbagh, 21 Am. Dec. 115.

Order discharged.