STEPHEN MAHONEY v. JOHN P. BARBER.[1]

January 27, 1897.

Nos. 10,324—(229).

**Promissory Note — Accommodation Maker — Fraudulent Purpose — Misapplication of Collaterals.**

*Held*, upon a consideration of the pleadings and evidence, that there was no competent evidence in this case to show that the defendant was an accommodation maker of the note sued on, or that the note was given for an unlawful and fraudulent purpose, or that the holder thereof diverted and misapplied the collaterals pledged as security for the payment of the note. *Held*, further, that the trial court rightly directed a verdict for the plaintiff.

Appeal by defendant from an order of the district court for Hennepin county, Elliott, J., denying a motion for a new trial. Affirmed.

*Wm. H. Donahue* and *S. Meyers*, for appellant.

*Stephen Mahoney*, for respondent.

[1] Reported in 69 N. W. 886.

START, C. J. The plaintiff is the assignee in insolvency of the Irish-American Bank, and brought this action to recover on a $5,000 note made by the defendant to the bank. The trial court, at the close of the evidence, directed the jury to return a verdict for the plaintiff for the amount due on the note, and the defendant appeals from an order denying his motion for a new trial.

The original answer admitted the making of the note, and alleged that it was made without consideration, and for the accommodation and benefit of the payee, at its request; that the payment of the note was secured by certain collaterals, which the bank still holds; and that the note has been paid in full. On the trial the answer was amended by adding the allegations that the note in question was given in renewal of a prior one, of like import, which was secured by certain stock and promissory notes of the Matt Walsh Wine Company, and that the bank, after such renewal, surrendered the collaterals to the wine company. The reply admitted that the bank received the collaterals, but put in issue the other allegations of the answer, and alleged that the collaterals were of no value. The answer does not allege that the defendant made the note as surety for either Matt Walsh or the wine company, or that the collaterals were surrendered without the consent of the defendant. The plaintiff objected to any evidence being received to show that the defendant was a surety on the note, because no such defense was pleaded. The objection was overruled, and he excepted. Upon the pleadings and evidence the trial court rightly directed a verdict for the plaintiff.

The defendant claims that the evidence made a case for the jury upon the following questions:

1. Whether the note was made for the benefit and accommodation of the payee. The evidence shows that Walsh was indebted to the bank in the sum of about $40,000, and was owing other creditors some $8,000, upon which he was being pressed. He consulted the bank officers, and the subject of his making an assignment was discussed, and the cashier of the bank stated that such a course might injure the bank, and suggested a compromise with creditors. A composition agreement was accordingly secured from the creditors, who agreed to take 30 per cent. of their claims. To pay creditors other than the bank the amount agreed on, it was necessary for Walsh to borrow $5,000. The bank was unwilling to loan any more

money on his own note, and it was arranged that the defendant, the son-in-law of Walsh, should give his note for the money to be loaned. The defendant gave his note to the bank, and the amount was placed to his credit. At the same time he gave a check to Walsh for the amount, who indorsed the check to the bank, the amount was credited to him, and he afterwards checked it out. No part of the proceeds of the note ever went to the bank, directly or indirectly. This evidence furnishes no basis for the claim that the note was without consideration, or for the claim that the defendant gave the note for the benefit and accommodation of the payee.

2. Whether the bank diverted or misapplied the collaterals received by it to secure the note. The plaintiff duly objected to any evidence on this question, because it was not admissible under the pleadings. The objection was overruled, and exception taken. Waiving the question of the sufficiency of the answer, it is sufficient to say that there was no competent evidence in the case to support the claim. It is undisputed that the collaterals have never been surrendered, and that they remained with the bank until it suspended, and that its assignee, the plaintiff, now has them. But the defendant claims that the bank has rendered the collaterals worthless by taking possession of all of the property of Walsh and of the wine company through a trustee, and misappropriating it. The only basis for this claim is that the parties named made a trust deed of their property to James H. Bishop for the benefit of their creditors. The bank was a party to the deed, and agreed thereby that the other creditors should be preferred. The trustee for the creditors took possession of the property so conveyed to him. There is no evidence that he was trustee for the bank, or took the property for it, or that the bank or the plaintiff has as yet received anything from the property or proceeds turned over to the trustee.

3. Whether the note was given for an unlawful and fraudulent purpose. There is evidence tending to show that it was understood, between Walsh and the bank, that it should sign the composition agreement, and that he should, notwithstanding the agreement, pay in full the bank's claim. There is no intimation in the pleadings of any such defense, and the question was not raised until after the close of the evidence. But, this aside, there is nothing in the point. If the note in question had been given pursuant to the alleged secret

understanding to pay the whole or any part of the bank's debt against Walsh, which it had agreed to release by the composition agreement in excess of the 30 per cent., we should have something to discuss. Such, however, is not this case. The note was given for money borrowed, and every dollar of it was used by Walsh in paying creditors other than the bank.

Order affirmed.