THE STATE OF KANSAS, *Appellee,* v. JOHN CALLAHAN *et al., Appellants.*

No. 16,997.

1. CIRCUMSTANTIAL EVIDENCE—*Burglary.* Circumstantial evidence held sufficient to sustain a verdict of guilty in a prosecution for burglary.

2. ——— *Instructions—Degree of Proof.* Rulings relating to instructions upon the degree of proof in a criminal prosecution, where the state's evidence was circumstantial, approved.

Appeal from Sumner district court. Opinion filed November 5, 1910. Affirmed.

The State v. Callahan.

*John W. Adams, George W. Adams, James Lawrence,* and *Levi Ferguson,* for the appellants.

*Fred S. Jackson,* attorney-general, *Harold W. Herrick,* county attorney, and *James T. Herrick,* for the appellee.

*Per Curiam:* The complaint that the evidence did not warrant a conviction can not be sustained. The testimony of the tracing of the defendants from the burglarized bank to the place of the arrest, their tracks on the road, which corresponded with the shoes that they wore, and the fact that when arrested there was found on their persons explosives and burglar's tools, although not strong evidence, was certainly sufficient to furnish a basis for the verdict.

The court was not required to tell the jury that where the testimony in behalf of the state and of the defendant is circumstantial it is unnecessary for the evidence of the defendant to be of as high an order as that of the state. In its general charge the court placed the burden of proof upon the state, clothed the defendants with a presumption of innocence, and instructed that the jury could not convict unless the evidence satisfied them of the defendants' guilt beyond a reasonable doubt and unless it was inconsistent with every reasonable theory other than their guilt.

Nor was there error in refusing to instruct that the attempt and failure of the defendants to establish an alibi could not be considered. The law of alibi was fairly given, and the general rules for weighing testimony were fairly stated. It was not necessary for the court to pick out and state the effect of each bit of testimony that was introduced.

The judgment is affirmed.