CALLAHAN v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. March 4, 1912.)

No. 3,638.

1. CRIMINAL LAW (§ 1151*)—REVIEW ON APPEAL—MATTERS OF DISCRETION—DENIAL OF CONTINUANCE.

It is the settled rule in the federal courts that a trial court, in denying an application for a continuance in a criminal case, whether on behalf of the prosecution or the accused, acts within its own discretion, and its ruling will not be disturbed, except in a case of clear abuse of discretion.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 3045–3049; Dec. Dig. § 1151.*]

2. CRIMINAL LAW (§ 95*)—COMITY—FEDERAL AND STATE COURTS—CRIMINAL CASES.

The rule of comity between the federal and state courts is the same in criminal as in civil cases, and, where each can take jurisdiction, the one which first gets it holds it to the exclusion of the other.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 167–175; Dec. Dig. § 95.*

Conflict of jurisdiction of federal courts with state courts, see note to Louisville Trust Co. v. City of Cincinnati, 22 C. C. A. 356.]

3. CRIMINAL LAW (§ 95*)—CONTINUANCE—GROUNDS—DEFENDANT UNDER SENTENCE IN STATE COURT.

A defendant in a criminal case in a state court, who, while at large on bail pending an appeal from a judgment of conviction which is afterward affirmed, commits a crime against the United States, cannot be heard himself to ask for a continuance of the trial of the case against him in the federal court, on the ground that he has not served the sentence imposed by the state court.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 167–175; Dec. Dig. § 95.*]

In Error to the District Court of the United States for the District of Kansas.

Criminal prosecution by the United States against John Callahan. Judgment of conviction, and defendant brings error. Affirmed.

John D. Davis, for plaintiff in error.

McCabe Moore, Asst. U. S. Atty. (H. J. Bone, U. S. Atty., on the brief), for the United States.

Before SANBORN, ADAMS, and CARLAND, Circuit Judges.

CARLAND, Circuit Judge. Callahan was indicted in the United States District Court for the District of Kansas for unlawfully and feloniously receiving and retaining in his possession with intent to convert to his own use and gain certain postage stamps described in the indictment; the said postage stamps having been theretofore unlawfully and feloniously stolen from the post office of the United States at Hope, in the county of Dickinson, state of Kansas; he, the said Callahan, knowing that said postage stamps had been so feloniously stolen as aforesaid. When his case was called for trial, Callahan interposed what his attorney called a plea in bar, which was in the following language:

"Now comes the defendant, John Callahan, and states: That at the January term, 1910, in the district court in and for Sumner county, Kansas, he was convicted of the crime of burglary, and that during said term he was sentenced to the penitentiary of the state of Kansas by the said district court of Sumner county, Kansas, for a term of not less than five years and not to exceed ten years; that thereafter he appealed from said conviction and sentence to the Supreme Court of the state of Kansas, and that on the 5th day of November, 1910, being a day of the July term, 1910 of the said Supreme Court of the state of Kansas, said conviction and sentence was affirmed; that ever since said conviction and affirmation of said sentence by the Supreme Court as aforesaid, the said defendant, John Callahan, has been in the custody and possession of the state of Kansas, and that he is now for all purposes serving his sentence as imposed upon him by the said district court of Sumner county, Kansas. Wherefore the said defendant, John Callahan, prays that his case may be postponed or continued until such time as the state of Kansas shall release or discharge him."

The so-called plea was overruled by the trial court as insufficient, to which ruling the defendant duly excepted. The prayer of the so-called plea in bar shows that it was for all practical purposes a motion for a continuance. Callahan also made a motion for a continuance based on the same grounds, which was overruled by the court and an exception taken. A plea of not guilty was afterwards entered by the defendant, and after trial upon this plea he was convicted of the crime charged and afterwards sentenced upon said conviction. Callahan now brings the judgment of conviction here by writ of error.

[1] His counsel assigns four errors: (1) The overruling of the so-called plea in bar; (2) the overruling of the motion for continuance; (3) the refusal of certain requests to charge; (4) the denial of the motion for a new trial. Assignment No. 3 can avail nothing as there were no exceptions taken to the action of the court in refusing to charge as requested. Assignment No. 4 is not reviewable by this court. Assignments Nos. 1 and 2 are based upon exceptions properly taken,

but are without merit. They simply raise the question as to whether the court erred in refusing a continuance of the case. The rule is well established that the trial court, in refusing an application for a continuance in a criminal case, whether it is on behalf of the state or the accused, acts within its own discretion, and its ruling will not be disturbed in the absence of a clear abuse of discretion. Isaacs v. United States, 159 U. S. 487, 16 Sup. Ct. 51, 40 L. Ed. 229; Goldsby v. United States, 160 U. S. 70, 16 Sup. Ct. 216, 40 L. Ed. 343. There is not the slightest evidence that Callahan was prejudiced in any way by the ruling of the court on the motion for continuance.

[2] The question is not here presented as to what would have been the duty of the trial court in the premises if the sureties on the appeal bond given on the appeal to the Supreme Court of Kansas, or the state of Kansas by its proper officers, had in seasonable time demanded the custody of Callahan, so that the jurisdiction over him first acquired by the state court might be exhausted. The rule of comity is the same in criminal as in civil cases. In Taylor v. Taintor, 16 Wall. 366, 21 L. Ed. 287, it was said:

"Where a state court and a court of the United States may each take jurisdiction, the tribunal which first gets it holds it to the exclusion of the other, until its duty is fully performed and the jurisdiction invoked is exhausted; and this rule applies alike in both civil and criminal cases. It is, indeed, a principle of universal jurisprudence that where jurisdiction has attached to person or thing, it is—unless there is some provision to the contrary—exclusive in effect until it has wrought its function." Hagan v. Lucas, 10 Pet. 400, 9 L. Ed. 470; Taylor v. Carryl, 20 How. 584, 15 L. Ed. 1028; Troutman's Case, 24 N. J. Law, 634; Ex parte Jenkins & Crosson, 2 Am. Law Reg. 144, Fed. Cas. No. 7,259. See, also, Covell v. Heyman, 111 U S. 176, 4 Sup. Ct. 355, 28 L. Ed. 390; In re Fox (D. C.) 51 Fed. 427; Mackin v. People (Ill.) 8 N. E. 178; U. S. v. French, 1 Gall. 1, Fed. Cas. No. 15,165; Ex parte Robinson, 6 McLean, 355, Fed. Cas. No. 11,935.

[3] We are of the opinion, however, that Callahan, while at large on bail, having voluntarily committed a crime against the United States, could not be heard himself to ask for a continuance of the trial of the case by the United States District Court on the ground that he had not served the sentence imposed by the state court. To hold otherwise would permit a prisoner charged with a serious crime to delay the administration of justice by setting up a prosecution in another jurisdiction, when that jurisdiction did not intend to further prosecute, or was willing to await the termination of the proceeding in which the objection was being made.

Judgment affirmed.