No. 16,997.

THE STATE OF KANSAS, *Appellee,* v. JOHN CALLAHAN et al., *Appellants.*

SYLLABUS BY THE COURT.

1. CRIMINAL LAW—*Conviction—Sentence — Appeal — Judgment Affirmed — Jurisdiction of Supreme Court Continues until Mandate is Executed.* Where a person has been regularly charged, tried and convicted of a crime in a district court of this state, and has appealed from the judgment and sentence of such court to the supreme court, in which court the judgment has been affirmed and a mandate issued for the execution of the writ; *held,* that until such mandate is fully executed the supreme court has full and exclusive jurisdiction of the custody of the convict.

2. SAME—*Habeas Corpus—Judgment of Probate Court Releasing Convict was Void.* Where, prior to the full execution of such mandate, another court of the state issues a writ of habeas corpus requiring a sheriff, who has the custody of the convict for the purpose of executing such mandate, to produce the convict before such court, and upon a hearing under the writ enters a judgment purporting to discharge him from the custody of the sheriff; *held,* that the attempted judgment thereunder is void.

3. SAME—*Bond of Convict — Pending Appeal — Not Forfeited.* Where, in such case, a surety on a bond given to secure the liberty of the convict during the pendency of the appeal, after the mandate is issued, delivers the convict with a copy of the judgment and order of commitment to the sheriff whose duty it was to execute the sentence, the bond can not thereafter be forfeited, although the sentence is not executed for reasons beyond the control of the surety or the sheriff.

Appeal from Sumner district court; CARROLL L. SWARTS, judge. Opinion on application for certain ancillary orders filed November 14, 1914. Orders made.

*Earl Blake,* of Wichita, and *Lee Bond,* of Leavenworth, for appellant John Callahan.

*John S. Dawson,* attorney-general, *S. N. Hawkes,* assistant attorney-general, and *W. T. McBride,* county attorney, for the appellee.

The opinion of the court was delivered by

SMITH, J.: At the January, 1910, term of the district court of Sumner county John Callahan was convicted of the crimes of burglary and larceny and sentenced to the state penitentiary for a term of not less than five years and not more than ten years. He at once appealed to this court, and on November 5, 1910, the conviction and sentence were affirmed (*The State v. Callahan,* 83 Kan. 448, 111 Pac. 445) and a mandate of this court was issued to the Sumner county district court. The clerk of that court in accordance with such mandate immediately issued a commitment and delivered it to the sheriff of Sumner county, ordering him to arrest the defendant and convey him to the penitentiary to serve out his sentence.

After the defendant was convicted and his appeal was perfected, he was released from custody under a $5000 bond to await the decision of this court on the appeal. While the appeal was pending and the defendant was out on such bond, he was indicted by a United States grand jury, a warrant was issued for his arrest, and he was taken into custody by a United States marshal and was confined in the county jail of Sedgwick county at the time this court affirmed the sentence of the district court of Sumner county. He remained in the jail until March, 1911, when he was tried and convicted in the United States district court and sentenced to confinement in the United States penitentiary at Leavenworth for a term of five years. He was immediately confined under the sentence in the United States penitentiary, and continued in such confinement until January 24, 1914, when he was granted a pardon by the president of the United States. Pending his confinement in the federal penitentiary he appealed from the judgment in the United States district court to the United States circuit court of appeals, and therein the conviction and sentence were affirmed

(*Callahan v. United States,* 195 Fed. 924, 115 C. C. A. 612).

After Callahan had been released from the federal penitentiary at Leavenworth, but before he had left the warden's office, he was placed under arrest by the sheriff of Leavenworth county, acting under orders of the sheriff of Sumner county, to whom the custody of Callahan was delivered on January 26, 1914. On the same day he filed in the office of the probate judge of Leavenworth county a petition praying for a writ of habeas corpus, and the writ was issued thereon. On the same day the sheriff of Sumner county filed his return to the writ and a hearing was had before the probate court, and a judgment was rendered discharging Callahan from custody on the ground that the mandate of this court to the district court of Sumner county had spent its force. Thereupon the defendant immediately went to Wichita, Kan., and while there was again arrested by the sheriff of Sumner county under and by virtue of the commitment issued from the district court in accordance with the mandate of this court. The defendant then applied to the probate court of Sedgwick county for a writ of habeas corpus, which was granted, and the sheriff made return of his authority for holding the defendant, and upon a hearing of that case the defendant was discharged by that court.

Thereafter the defendant was again arrested by the sheriff of Sumner county under the same order of commitment as before and was confined in the jail of Sumner county. Thereupon he filed a petition for a writ of habeas corpus before the judge of the district court of the United States for the district of Kansas. A hearing was had on the writ and the proceedings were dismissed in that court.

Thereafter, while the defendant was being conveyed from Kansas City, Kan., to Sumner county for confinement, and while in the city of Wichita, another writ

The State v. Callahan.

of habeas corpus was applied for and issued by the probate judge of Sedgwick county, and a time for hearing was set by the court. Before such hearing was had an order was issued by this court and served upon the probate judge of Sedgwick county restraining him from further proceeding with such case.

It appears that soon thereafter the defendant left the state of Kansas, and at the time this application was made for ancillary orders from this court to enable the sheriff to execute the former mandate of this court he was confined in a jail in the state of Oklahoma, pending proceedings in extradition for his return to this state.

It is contended by the defendant that as the probate courts of the state have general jurisdiction in habeas corpus proceedings, the application here is really to have this court suspend the right of the writ of habeas corpus, which would be in conflict with section 9 of article 1 of the constitution of the United States. On the contrary, the relief sought is that this court maintain its own jurisdiction, which the probate courts of Leavenworth and Sedgwick counties have mistakenly undertaken to supersede.

A probate court of the state of Kansas, upon a complaint being made before it in writing that a person within its jurisdiction is unlawfully restrained of his liberty, has jurisdiction to issue a writ of habeas corpus and to inquire into the cause of such restraint; but whenever it appears that any other court of concurrent jurisdiction, especially the supreme court, has exercised its jurisdiction in the same matter and has rendered judgment therein, and that such judgment has not been executed, such probate court has no jurisdiction to reverse the judgment of the former court but should thereupon dismiss the case.

Neither the mandate of the supreme court nor the commitment issued in accordance therewith had been complied with; the defendant had not been confined in the state penitentiary as required by such mandate, yet

the probate court of Leavenworth county discharged him from the custody of the sheriff whose duty it was to convey him to the penitentiary in obedience to the sentence of the district court and the mandate of this court. The judgment or mandate had neither spent its force, nor had the supreme court, nor has it yet, lost its jurisdiction over the defendant. The judgments rendered in the probate court of Leavenworth county and the probate court of Sedgwick county are each not merely erroneous, but are void for want of jurisdiction. Authorities are too numerous to require citation—indeed, it is elementary—that the orders, findings or judgments of a court, made without jurisdiction, are mere nullities. This was the only logical reason for the order of this court in restraining these courts and all other courts of the state from further interfering with the execution of its mandate in this case.

It is a matter in which there is no conflict of authorities, that where a court of competent jurisdiction first acquires jurisdiction in a particular matter no other court can legally assume jurisdiction unless the jurisdiction of the former court is by appeal or otherwise lawfully transferred to it.

A further prayer for relief on the part of the state is that the bond for $5000, given by the defendant to secure his liberty pending the hearing of his appeal, be declared forfeited. This can not be allowed. On at least one occasion after his attempted discharge by the probate court he was surrendered by one of his bondsmen to the sheriff of Sumner county, and a copy of the journal entry of the judgment and order of commitment was also delivered to the sheriff. This was a literal compliance with the mandate, and the defendant would, without doubt, have been conveyed to the penitentiary but for the illegal interposition of the probate court of Sedgwick county by assuming jurisdiction and again issuing a writ of habeas corpus and discharging the defendant on the hearing thereunder.

Harder v. Power Co.

. The clerk of this court will again issue a mandate that the sheriff of Sumner county do again take John Callahan into his custody and deliver him, with a copy of the judgment and order of commitment, to the warden of the state penitentiary of Kansas, that he may be confined therein in accordance with such judgment.