# ALVA R. HUNT v. MEEKER COUNTY ABSTRACT & LOAN COMPANY.[1]

June 11, 1915.

No. 18,945.

**Jurisdiction of supreme court — motion for amended findings.**

The jurisdiction of the supreme court over a cause comes to an end when the remittitur is filed in the trial court. For that reason an application to this court to direct the trial court to amend its findings of fact and render judgment for plaintiff, was denied. [Reporter.]

**Motion for judgment without new trial.**

An *ex parte* application to the trial court for amended findings and judgment, without a new trial, after the remittitur from this court has been filed in the trial court, is properly denied. [Reporter.]

After the decision reported in 128 Minn. 207, 150 N. W. 798, and the remittitur had been filed in the trial court, application was made to this court as stated in the opinion. Denied.

*Alva R. Hunt* and *Ernest W. Campbell,* for appellant.
*R. H. Dart,* for respondent.

PER CURIAM.

This court reversed the judgment of the trial court in the above entitled cause and the remittitur was transmitted to and filed in that court. Plaintiff now applies to this court to direct the trial court to make new and amended findings of fact and render judgment in his favor without a new trial. This application must be denied for the reason that, when the remittitur was filed in the lower court, the jurisdiction of this court over the cause came to an end. Rud v. Board of Co. Commrs. of Pope County, 66 Minn. 358, 68 N. W. 1062, 69 N. W. 886. It appears from the moving papers that the trial court refused to make new and amended findings of fact upon an *ex parte* application of plaintiff made after the cause had been remanded. The learned trial judge ruled correctly. Lawton v. Fiske, 129 Minn. 380, 152 N. W. 774.

Application denied.

[1] Reported in 152 N. W. 866.