## ALBERT J. NASON v. R. D. BARRETT AND ANOTHER.[1]

### December 20, 1918.

### No. 21,194.

**Contempt — final judgment on appeal — waiver.**

1. Under the terms of the judgment it became final, in case of an appeal therefrom, when the remittitur from this court was filed with the clerk of the trial court. The fact that the remittitur was mailed to plaintiff's attorneys and not filed by them for several days did not constitute a waiver of the filing.

[1]Reported in 169 N. W. 804.

**Appeal and error — form of order.**
> 2. No prejudice resulted to appellant because of the form in which the order appealed from was drawn.

**Same — payment of costs and disbursements not decisive.**
> 3. Section 7990, G. S. 1913, is not decisive upon the question here presented.

The proceedings after the former appeal, reported in 140 Minn. 366, 168 N. W. 581, are narrated in the first paragraph of the opinion. From the order of the district court for Ramsey county, Michael, J., defendant appealed. Affirmed.

*O'Brien, Young, Stone & Horn,* for appellant.

*Butler, Mitchell & Doherty,* for respondent.

HOLT, J.

The judgment entered herein on May 1, 1918, was affirmed in this court (Nason v. Barrett, 140 Minn. 366, 168 N. W. 581), costs taxed, and remittitur issued on August 1, 1918, and mailed by the clerk of this court to plaintiff's attorneys. There had been some negotiation between the parties in regard to the manner of paying the sum named in the judgment. Nothing came of the same. Defendant paid the costs taxed against him in this court on the sixteenth of August, and on the next day the remittitur, or mandate, was filed in the court below, and at the same time plaintiff deposited with the clerk thereof the full amount required under the terms of the judgment to entitle him to the 400 shares of stock which defendant has sold and agreed to transfer. Certificates for 200 shares of stock, previously deposited with the clerk, were turned over to plaintiff. Certificates Nos. 49 and 50, representing the balance of the stock involved in the suit, had been retained by defendant and he refused to deliver possession thereof, although demand was made. Thereupon plaintiff obtained an order to show cause why defendant should not be punished as for contempt for failure to deliver the certificates. On the hearing defendant disclaimed any disrespect towards the court, stating that he had been advised by his attorneys that the judgment became "final" when the remittitur issued, or at least on the day it was received by plaintiff's attorneys, and hence

plaintiff had failed to deposit the money required of him within the 10 days specified by the terms of the judgment and defendant was no longer obligated to deliver the stock. However, he produced the stock certificates numbered 49 and 50 and delivered them to the court, properly indorsed, and with revenue stamps duly affixed, on condition that the same be returned to him in case the court, or this court on review, should be of the opinion that plaintiff had not complied with the terms of the judgment so as to become entitled to the stock. Evidently, by the showing made, defendant purged himself of the charge of criminal contempt towards the court; but the court deemed plaintiff entitled to the stock and ordered a writ of execution to issue upon the judgment, requiring the sheriff to take the stock certificates numbered 49 and 50 and deliver the same to plaintiff. This was done, and defendant appeals from the order.

The action was for specific performance of a contract for the sale of shares of corporate stock, and the judgment granted the relief asked, but on this condition, therein stated thus: "That within 10 days after the entry of judgment in this case, if such judgment be not superseded, or if such judgment be superseded then within 10 days after such judgment becomes final, the plaintiff pay to the defendant Barrett or pay or deposit with the clerk of this court for the use of the defendant Barrett, the sum," specifying the amount. This appeal turns upon the meaning of the clause, "within 10 days after such judgment becomes final." Appellant contends that the judgment became final when the remittitur issued, or, at the latest, when it was received by plaintiff's attorneys. And the position of respondent is that it became final when the remittitur was filed in the court below.

We think the respondent's contention must be sustained. The judgment was the judgment of the court below, to be enforced therein. The provision as to the 10-day period, in case that judgment was superseded by a removal to this court, could only become fixed definitely on the records of the court below by the filing therein of the remittitur. On the date when so filed the judgment appeared final in that court. The parties concerned and the court could then govern themselves accordingly in the enforcement. It is probable that until so filed this court retains jurisdiction so that a remittitur could be recalled. Hunt v.

Meeker County. Abstract & Loan Co. 130 Minn. 530, 152 N. W. 866. Appellant cites many authorities to the effect that the court below has jurisdiction to proceed as soon as judgment is affirmed in this court, or as soon as the remittitur issues, although not filed, and that the parties may waive the filing. We do not consider that the record presents a case of waiver by either party, but determine the appeal upon the proposition that the judgment became final under the provisions thereof when the remittitur was filed in the court below and not before.

It is also urged that the order is not responsive to the issue made by the order to show cause, in that an execution was directed to issue. The point does not seem to be of any consequence under the view we take. Holding plaintiff's deposit to be within the time specified in the judgment, his right to the possession of the certificates was absolute; and it is quite immaterial to defendant whether the order directed the clerk to deliver the certificates or whether it directed an execution to issue for them.

Respondent deems section 7990, G. S. 1913, to be controlling which provides: "Except when otherwise ordered by the court, the losing party shall pay the costs and disbursements before he shall be entitled to a remittitur, or to proceed further in the trial court." The costs and disbursements herein were not paid until the day before plaintiff deposited with the clerk the money required by the judgment to be deposited with him. The provision of the statute quoted is in substance the same as section 5517, G. S. 1894. As the latter was construed in Fonda v. St. Paul City Ry. Co. 72 Minn. 1, 80 N. W. 366, it is quite clear that the section invoked cannot be held decisive of the question here presented.

The order is affirmed.