## STATE v. LYLE C. WADDELL.[1]

May 4, 1934.

No. 29,080.

For original opinion see 187 Minn. 191, 202, 245 N. W. 140, 144.

*J. W. Schmitt, Moonan & Moonan,* and *Gallagher, Madden & Gallagher,* for defendant.

*Harry H. Peterson,* Attorney General, and *Roy C. Frank,* Assistant Attorney General, for the state.

*LORING, Justice.*

This is a petition for an order recalling the remittitur and for permission to file an amended supplemental petition for rehearing. The original opinion in this case was filed October 21, 1932. November 18, 1932, a petition for rehearing was denied. State v. Waddell, 187 Minn. 191, 202, 245 N. W. 140, 144. This petition for the recall of the remittitur was filed December 21, 1933, in the term following the one in which the original opinion was filed.

This court is committed to the rule in civil cases that unless there has been some irregularity in connection with the remittitur its jurisdiction is divested and it has no authority to recall the remittitur when it has once been regularly sent down to the lower court. Rud v. Bd. of Co. Commrs. of Pope County, 66 Minn. 358, 68 N. W. 1062, 69 N. W. 886. See also Hunt v. Meeker County A. &

[1]Reported in 254 N. W. 627.

L. Co. 130 Minn. 530, 152 N. W. 866, and Caldwell v. Bruggerman, 8 Minn. 252 (286).

No case has been cited to us and we have discovered none in which our power to recall the remittitur in a criminal case has been passed upon. It is therefore a novel question in this state.

2 Mason Minn. St. 1927, § 9494, defines the powers of an appellate court in civil actions. It provides:

"Upon an appeal from a judgment or order, the appellate court may reverse, affirm, or modify the judgment or order appealed from in the respect mentioned in the notice of appeal and as to any or all of the parties, and, if necessary or proper, may order a new trial. When the judgment is reversed or modified, the appellate court may make complete restitution of all property and rights lost by the erroneous judgment."

On appeal or writ of error in criminal cases 2 Mason Minn. St. 1927, § 10752, provides:

"No assignment of errors or joinder in error shall be necessary upon any writ of error issued or appeal taken in a criminal case, but on the return thereto the court shall proceed and render judgment upon the record before it. If the court affirms the judgment, it shall direct the sentence pronounced to be executed, and the same shall be executed accordingly. If it reverses such judgment, it shall either direct a new trial, or that the defendant be absolutely discharged, as the case may require."

There is a distinction between the two statutes, and the question presented here is whether the criminal statute permits a construction which will allow this court to recall the remittitur in the furtherance of justice in such cases. In civil cases as a matter of policy a period should be set at some point where the rights of the parties are finally determined and there is no more opportunity for either to prolong the litigation. This court has wisely said that it will not recall the remittitur in such cases when the same has gone to the lower court except under certain circumstances of fraud, mistake, or inadvertence as defined in the cases cited.

Among the criminal cases cited by the state in opposition to this application is State v. Sund, 25 N. D. 59, 140 N. W. 716, 717, in which the supreme court of North Dakota held:

"That when a remittitur has gone down, and has been filed in the trial court, this court, except under extraordinary circumstances, has lost jurisdiction of the case, and cannot review its decision."

The statutes of North Dakota, however, specifically provide:

"After the certificate of the judgment has been remitted to the court below, the appellate court has no further jurisdiction of the appeal or the proceedings therein, * * *." Comp. Laws N. D. 1913, § 11020.

The state also cites In re Seydel's Estate, 14 S. D. 115, 84 N. W. 397, in which the supreme court of that state held that it had no power to grant a rehearing after the remittitur has gone down. Doubtless the same rule would apply to criminal cases. Comp. Laws S. D. 1913, Code of Criminal Procedure, Title 10, c. 4, § 505, p. 720, provides:

"After the certificate of the judgment has been remitted to the court below, the supreme court has no further jurisdiction of the writ, or the proceedings thereon, * * *."

The state also cites State v. Banning, 205 Iowa, 826, 829, 218 N. W. 572, 574, where the court held:

"For ordinary purposes, the jurisdiction of this court ends with its decision and the expiration of the time allowed for petitions for rehearing, and * * * the lower court thereupon resumes jurisdiction to proceed with the cause, * * *."

Section 14016 of the Code of Iowa 1931 provides among other things that after a certified copy of the decision and the opinion shall be transmitted to the clerk of the trial court, filed and entered of record by him, the jurisdiction of the supreme court shall cease.

In civil cases at least, the United States Supreme Court appears to hold that it may not entertain a petition for rehearing at the

term subsequent to that in which the original decision was made. Brooks v. Railroad Co. 102 U. S. 107, 26 L. ed. 91; Ex parte Sibbald v. U. S. 12 Pet. 488, 492, 9 L. ed. 1167.

The defendant places great reliance on the case of State v. Ramirez, 34 Idaho, 623, 203 P. 279, 280, 29 A. L. R. 297. The jury in the trial court which convicted the defendant had fixed his punishment at death. The judgment was affirmed by the supreme court, and the remittitur was sent down. Some months thereafter the defendant applied for an order recalling the remittitur and for a rehearing. It was claimed that counsel failed fully to brief and argue the question of the power of the appellate court to modify the judgment by reducing the penalty to life imprisonment and that the appellate court was led into error by reason of suggestion that it was without such power. After an exhaustive consideration of the authorities, the court held [34 Idaho 627]:

"The preponderance of judicial authority, while recognizing the rule of law above stated, concedes the power of an appellate court, at any time during the term at which a judgment is rendered, to set it aside when it was improvidently given, in consequence of a false suggestion or under a mistake of facts." (Citing Livesley v. Johnston, 47 Or. 193, 82 P. 854.)

In the case of State v. Callahan, 93 Kan. 172, 144 P. 189, the supreme court of that state apparently holds that it does not lose jurisdiction over a defendant until the sentence which it has ordered executed has been completely executed.

Notwithstanding the difference in the tenor of the statute in criminal appeals and that concerning appeals in civil actions, we conclude that our powers are no different in the one case than in the other. It is still the judgment of the lower court that is affirmed or reversed, and the "directions" provided for are directions to the lower court. This court "renders judgment," but it is a judgment affirming or reversing the judgment and sentence of the lower court. We do not try the case *de novo,* nor do we have power such as that possessed by the supreme court of the Philippine Islands to impose a different sentence than that imposed below.

We may send a case back for modification of an illegal sentence, but generally in case of legal sentences we may only affirm, order a new trial, or the discharge of the defendant. Quite obviously our jurisdiction over the sentence ceases when the remittitur goes regularly to the lower court. The statutes may have been so enacted to prevent what the legislature may have regarded as an intolerable practice which might otherwise have ensued of imposing upon this court a possible repetition of applications such as that here presented. Counsel are commended for their zeal in presenting this application and for the thoroughness and care with which they have prepared it, but we regard the provisions of the statute as fatal to their contentions. Here we have no mistake or other irregularity connected with the sending down of the remittitur.

Application denied.